IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| HERBERT WHITLOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   08 CV 2055 |
| | ) | |
| CITY OF PARIS, et al., | ) | Honorable Judge Harold A. Baker |
| | ) | Magistrate Judge David G. Bernthal |
| Defendants. | ) | |

**CERTAIN DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS COUNTS II, III AND V**

**INTRODUCTION**

On February 27, 2008, Plaintiff ("Whitlock") filed an 11-count Complaint (attached as Exhibit A to Defendants' Motion to Dismiss Counts II, III and V), against Defendants Gene Ray, James Parrish, Jack Eckerty, Michael McFatridge and others. Specifically, Whitlock's Complaint purports to set forth § 1983 claims against Defendants Ray, Parrish, Eckerty, McFatridge and others for the deprivation of his due process right to a fair trial and for wrongful conviction (Count I); malicious prosecution (Count II); false imprisonment (Count III); and a Monell claim (Count IV); and state law claims of false imprisonment (Count V), malicious prosecution (Count VI), intentional infliction of emotional distress (Count VII), and conspiracy (Count VIII). Other than counts II, III and V, which Defendants Ray, Parrish, City of Paris, Eckerty and McFatridge ("Certain Defendants") now seek to dismiss, Certain Defendants have answered the remaining Counts against them in Whitlock's Complaint.

# ARGUMENT

## I.   Factual Allegations

According to the Complaint, Whitlock was arrested pursuant to an arrest warrant on February 19, 1987. (Compl., Exhibit A, ¶ 33.) He was subsequently indicted for the crimes of murder and arson on March 10, 1987. (*Id*. ¶ 36.) Whitlock was subsequently convicted of murder in August of 1987. (*Id*. at ¶¶ 43, 51.) On September 28, 1988, the Appellate Court for the Fourth District affirmed Whitlock's conviction and sentence and denied his post-conviction petitions. (*Id. at* ¶ 62.) From 1990 to 1992, Whitlock filed two unsuccessful *habeas* petitions before the United States District Court for the Central District. (*Id.* at ¶ 63.) On June 11, 2004, Whitlock filed a second amended post-conviction petition, which was also denied. (*Id.* at ¶ 93.) On September 6, 2007, the Illinois Appellate Court for the Fourth District reversed Whitlock's conviction and remanded the case for a new trial. (*Id.* at ¶ 99.) Whitlock was released on January 8, 2008 when the State *nolle prosequied* the case. (*Id.* at ¶ 100.)

Whitlock asserts that he was maliciously prosecuted in violation of his rights due to the actions of Certain Defendants, individually and in conspiracy with other persons. (*Id.* at ¶ 106.) Specifically, Whitlock asserts that the Defendants wrongfully arrested, imprisoned and prosecuted him in violation of his Fourth, Fifth and Fourteenth Amendment rights. (*Id*. at ¶ 106.) Further, Whitlock alleges that he was falsely imprisoned in violation of both state and federal law. (*Id*. at ¶¶ 110-113 and 120-122.)

## II.   Legal Standard

To survive a motion to dismiss for failure to state a claim upon which relief can be granted, factual allegations must be enough to raise a right to relief above the speculative level,

on the assumption that all the allegations in the complaint are true even if doubtful in fact. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007). Accordingly, when ruling on a motion to dismiss for failure to state a claim, a judge must accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). However, a plaintiff can plead himself out of court by asserting facts that undermine the claims set forth in his complaint. *Holman v. State of Indiana*, 211 F.3d 399, 406 (7th Cir. 2000), *citing Northern Trust Co. v. Peters*, 69 F.3d 123, 129 (7th Cir. 1995); *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). A plaintiff can also plead himself out of court by alleging (and therefore admitting) the ingredients of a defense. *United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003).

**III.    Whitlock's Federal Malicious Prosecution Claim (Count II) Must Be Dismissed Because of the Availability of an Adequate Remedy Under State Law**

Whitlock alleges in Count II that Defendants Ray, Parrish and Eckerty, in conspiracy with Defendant McFatridge, and other named and unnamed private individuals and law enforcement agents, together with Defendants Fermon, Carper, Brueggemann, Parker, Kaupus and Marlow, violated his right to be free from malicious prosecution by initiating criminal proceedings against Whitlock without probable cause. (Ex. A at ¶¶ 105-109.) Count II purports to assert a claim for malicious prosecution under 42 U.S.C. § 1983 ("Section 1983"). However, the Seventh Circuit does not recognize "any constitutional tort of malicious prosecution, because, when a state-law remedy exists . . . due process is afforded by the opportunity to pursue a claim in state court." *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001).

The Seventh Circuit's ruling in *Newsome* made clear that "a deprivation of liberty from a prosecution and contrived conviction . . . deliberately obtained from the use of false evidence . . . is in essence, one for malicious prosecution . . .and the existence of a tort claim under state law knocks out any constitutional theory of malicious prosecution." *McCann v. Mangliardi*, 337 F.3d 782, 786 (7th Cir. 2003)(citing *Newsome*, 256 F.3d at 750). Whitlock's claim for malicious prosecution under federal law is based on allegations similar to those in *McCann*: that Defendants wrongfully prosecuted him through the use of false evidence which resulted in a contrived conviction. (See Ex. A, ¶¶ 16-40, 42-43,45-47, 50, 53, 57, 65, 67, 74, 76, 93-95 ,106.) Because Illinois law allows a common law cause of action for malicious prosecution, a federal claim is prohibited. *Mutual Medical Plans, Inc. v. County of Peoria*, 309 F.Supp. 1067, 1078 (C.D. Ill. 2004). Indeed, Whitlock has alleged a state law claim for malicious prosecution in Count VI. As such, the only remedy available to Whitlock for malicious prosecution arises under state law and Count II of Whitlock's Complaint must be dismissed.

IV.   **Whitlock is Time-Barred From Asserting Claims For False Imprisonment**

   A.   **Federal Claim (Count III)**

Whitlock's claim for false imprisonment pursuant to § 1983 is barred by the statute of limitations. The appropriate statute of limitations for section 1983 cases filed in Illinois is two years. *Evans v. City of Chicago*, 434 F.3d 916, 934 (7th Cir. 2006). While limitation periods and applicable tolling rules are governed by state law, federal law governs when a cause of action accrues. *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006). The Supreme Court in *Wallace v. Kato*, held that the statute of limitations for § 1983 claims based on false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the

time the complainant becomes detained pursuant to legal process. *Wallace v. Kato*, 127 S.Ct. 1091, 1097 (2007).

In *Wallace*, the Supreme Court explained that "the sort of unlawful detention remediable by the tort of false imprisonment is detention *without legal process*." *Wallace,* 127 S.Ct. at 1096. Accordingly, the Court found that a claim for false imprisonment accrues, and limitations begin to run, at the time the complainant is bound over by the magistrate or arraigned on charges. *Id.* at 1096. Similar to the facts alleged in this case, Wallace was arrested for murder, tried and convicted. *Id*. at 1094. Approximately eight years after Wallace's arrest, the Appellate Court remanded Wallace's case for a new trial. *Id.* Prosecutors subsequently dropped the charges against him. *Id.* A year after the charges were dropped, Wallace filed suit against the city and several of its police officers alleging damages resulting from his unlawful arrest in violation of the Fourth Amendment. *Id*. In ruling that his fourth amendment claim was time-barred, the United States Supreme Court reasoned that, "'[i]f there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself.'" *Wallace,* at 1096 (internal citations omitted). Therefore, the Court concluded that the statute of limitations on Wallace's § 1983 claim commenced to run when he appeared before the examining magistrate and was bound over for trial. *Id*. at 1097.

Whitlock alleges that he was arrested in 1987 and was indicted by the Edgar County Grand Jury on March 10, 1987. (Ex. A, ¶ 36). For purposes of determining when his false imprisonment ended, and his claims, if any, accrued, legal process had clearly been initiated

5

against Whitlock upon his indictment on March 10, 1987. Under the accrual rule set forth in *Wallace*, Whitlock was required to file any federal false imprisonment claims by March 10, 1989. However, Whitlock did not file the instant suit until February of 2008 and his claim is time-barred[1]. Thus, Whitlock has not stated a claim upon which relief can be granted and Count III must be dismissed.

### B. State Law (Count V)

Whitlock's state law claim for false imprisonment is also barred by the statute of limitations. The statute of limitations in Illinois for all tort claims against a municipality or its employees is one year. 745 ILCS 10/8-101. Recently, the Southern District of Illinois interpreted *Wallace* as barring state law claims for false imprisonment. *See Barham v. McIntyre*, Slip Copy, No. 04-4027, 2007 U.S. Dist. WL 1576484, *9 (S.D. Ill. May 30, 2007). The plaintiff in Barham was indicted on December 5, 2000. *Id*. at *3. He was later convicted on October 20, 2001, and his conviction was reversed on April 1, 2003. *Id*. at *1. The plaintiff filed a suit against various employees of the state's attorney's office and the Illinois State Police asserting federal claims, as well as state law claims for false imprisonment and intentional infliction of emotional distress. *Id*. The Southern District found that the plaintiff's Section 1983 claims for false imprisonment were time barred, as they were required to be filed by October 20, 2003, and further, that the state law claim for false imprisonment was also time-barred as there was no evidence that Illinois law has adopted a different standard for the accrual of false imprisonment claims. *Id.* at *9.

---

[1] In accordance with the reasoning of the Court in *Wallace*, this Court dismissed the federal false imprisonment claim in *Steidl v. City of Paris*, 05-2127, on March 14, 2008, which was based on nearly identical facts as those alleged in Whitlock's complaint.

The Southern District Court's ruling in *Barham*, decided in the wake of *Wallace*, supports Defendants' assertion that Whitlock's state law claim for false imprisonment is time barred. Whitlock's claim accrued on March 10, 1987. Under Illinois law, Whitlock would have had to file his false imprisonment claim against the Defendant's within a year of that date. Whitlock did not, and as such, no relief under Illinois law can be granted. Wherefore, Whitlock's state law claim for false imprisonment (count V) must be dismissed.

V.    **Alternatively, Whitlock's Allegation That He Was Arrested Pursuant to an Arrest Warrant Bars Any Claim for False Imprisonment**

Under Illinois law, false imprisonment occurs when a plaintiff's personal liberty or freedom of locomotion is unlawfully restrained.. *Adams v. Zayre*, 148 Ill.3d 704 (2nd Dist. 1986). Whitlock has failed to state a cause of action for false imprisonment because he alleges that he was arrested pursuant to an arrest warrant. (Ex. A at ¶33.) In order to establish a claim for false imprisonment in Illinois, the restraint must be unlawful; false imprisonment claims cannot be supported by a detention made by virtue of legal process issued by a court or an official with jurisdiction to issue such process. *Corbett v. White*, 2001 WL 1098054 (N.D. Ill. 2001) *citing Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 899-900 (7th Cir. 2001); *Arthur v. Lutheran Gen'l Hosp.*, 692 N.E.2d 1238, 1243 (1st Dist. 1998); *Jacobson v. Rolley,* 330 N.E.2d 256, 267 (4th Dist. 1975)(state law false imprisonment claim was properly dismissed where plaintiff's arrest was admitted by complaint to be by warrant issued by the court); *Liogas v. Lowenguth,* 1919 WL 1710, at *1 (4th Dist. 1919)("If the imprisonment is under legal process, but the action was begun and carried on maliciously and without probable cause, it is a malicious prosecution and not false imprisonment"). An arrest under a judicially issued arrest warrant

cannot give rise to a false imprisonment claim. *Davis v. Temple,* 284 Ill.App.3d 983, 989 (5th Dist. 1996); Burghardt *v. Remiyac,* 207 Ill.App.3d 402, 406 (2nd Dist. 1991). As a result, Whitlock has failed to state a claim for false imprisonment under state law.

Whitlock's complaint that the arrest warrant was obtained on the basis of knowingly fabricated and false statements does not save his claim of false imprisonment. In *Corbett v. White*, 2001 WL 1098054 (N.D. Ill. 2001), the court found that plaintiff failed to state a claim for false imprisonment under Illinois law where plaintiff alleged that he was arrested pursuant to a valid warrant. The court found that "when an arrest is made pursuant to a facially valid warrant issued by a court with jurisdiction, the arrest itself cannot serve as the basis for a false imprisonment claim. If, however, the warrant was issued because the defendant intentionally and maliciously supplied false information to the court, then the plaintiff may maintain an action for malicious prosecution." *Id.* at *7. Accordingly, while Whitlock's allegation that Defendants Ray, Eckerty, Parrish and McFatridge obtained an arrest warrant for Whitlock on the basis of knowingly fabricated and false statements may support an action for state law malicious prosecution, it is insufficient to state a claim for false imprisonment.

Similar to a state law claim of false imprisonment, "the sort of unlawful detention remediable by the tort of false imprisonment [under federal law] is detention *without legal process*." *Wallace,* 127 S.Ct. at 1096. "A warrant is legal process and so, a complaint about conduct pursuant to it is a challenge to legal process and thus resembles malicious prosecution." *Ouzounian v. Sheahan,* 2004 WL 1146124, *3 (N.D. Ill. 2004) citing *Gauger v. Hendle*, 349 Ill.App.3d 354, 361 (7th Cir. 2003). See also *Antonelli v. Foster*, 104 F.3d 899 (7th Cir. 1997)(distinguishing suits premised on the "invalidity of confinement pursuant to some legal

process, whether a warrant, indictment, information..." and "a suit that complains of official misconduct unrelated to the legal process-an unconstitutional arrest without a warrant"); *Mutual Medical Funds, Inc.*, 309 F.Supp. at 1079 (the claim seeking damages for unlawful confinement imposed pursuant to a warrant sounds not in false arrest, but in malicious prosecution). The allegation that Whitlock was arrested pursuant to a warrant prevents him from being able to argue that he was detained without legal process and, accordingly, falsely imprisoned.

WHEREFORE, Certain Defendants respectfully request this Court grant their Motion to Dismiss Counts II, III and V of Whitlock's Complaint.

Date:   April 28, 2008                    RESPECTFULLY SUBMITTED,

s/ James G. Sotos
Attorney for Defendants, City of Paris, Gene Ray, James Parrish, and Jack Eckerty
JAMES G. SOTOS & ASSOCIATES, LTD.
550 East Devon Avenue, Suite 150
Itasca, IL  60143-2632
Tel:  (630) 735-3300
Fax:  (630) 773-0980
jsotos@jsotoslaw.com

s/ Terry A. Ekl
Attorney for Defendant Michael McFatridge
EKL WILLIAMS PLLC
Two Arboretum Lakes
901 Warrenville Road, Suite 175
Lisle, Illinois 60532
Tel:    (630) 654-0045
Fax:   (630) 654-0150
tekl@cewpc.com

**CERTIFICATE OF SERVICE**

      The undersigned having first been duly sworn under oath, states that he electronically filed a complete copy of the foregoing **Certain Defendants' Motion to Dismiss Counts II, III & V** with the Clerk of the Court on **April 28, 2008** using the CM/ECF system, which will send notification of such filing to the following counsel of record:  See Attached Service List.

A copy of such filing was also sent via United States Mail to:

    Deborah Rienbolt, *pro se*
    2116 East Keys Avenue
    Springfiled, Illinois 62702

                                            s/ James G. Sotos
                                            James G. Sotos
                                            JAMES G. SOTOS & ASSOCIATES, LTD.
                                            550 East Devon Avenue, Suite 150
                                            Itasca, IL  60143-2632
                                            Telephone:  (630) 735-3300
                                            Fax:  (630) 773-0980
                                            jsotos@jsotoslaw.com

                                            *Attorney for Defendants, City of Paris, Gene Ray, James Parrish, and Jack Eckerty*

**SERVICE LIST**
**HERBERT WHITLOCK v. CITY OF PARIS, ET AL., 08 CV 2055**

**Attorneys for Herbert Whitlock:**

Ronald Balson, Carrie A. Hall
MICHAEL BEST & FRIEDRICH LLP
Two Prudential Plaza
180 North Stetson Avenue, Suite 2000
Chicago, Illinois 60601
Tel:      (312) 222-0800
Fax:     (312) 222-0818
E-mail:  rhbalson@michaelbest.com
              cahall@michaelbest.com

Richard S. Kling, Susana Ortiz
CHICAGO KENT LAW OFFICES
565 West Adams Street, Suite 600
Chicago, IL  60611-3691
Tel:      (312) 906-5155
Fax:     (312) 906-5299
E-mail:  rkling@kentlaw.edu
              sortiz@kentlaw.edu

**Attorneys for Charles E. Brueggemann, Diane Carper, Steven M. Fermon, Kevin Kaupus, and Andre Parker:**

Karen L. McNaught
(also counsel for Jack Eckerty)
Illinois Attorney General
500 S. Second Street
Springfield, IL  62706
Tel:      (217) 782-1841
Fax:     (217) 524-5091
E-mail:  kmcnaught@atg.state.il.us

Iain D. Johnston
JOHNSTON GREENE LLC
542 South Dearborn Street, Suite 1310
Chicago, IL 60605
Tel:      (312) 341-3900
Fax:     (312) 341-0700
E-mail:  ijohnston@johnstongreene.com

**Attorneys for Edgar County**:

Michael E. Raub; James C. Kearns;
Brian M. Smith
HEYL, ROYSTER, VOELKER & ALLEN
102 East Main Street
Suite 3000
P.O. Box 129
Urbana, Illinois 61801-0129
Tel:      (217) 344-0060
Fax:     (217) 344-9295
E-mail:  mraub@hrva.com
              jkearns@hrva.com
              bsmith@hrva.com

**Attorneys for Michael McFatridge:**

Terry A. Ekl; Vincent C. Mancini
EKL & WILLIAMS, PLLC
Two Arboretum Lakes
901 Warrenville Road, Suite 175
Lisle, Illinois 60532
Tel:      (630) 654-0045
Fax:     (630) 654-0150
E-mail:  tekl@cewpc.com
              vmancini@cewpc.com
              pprovenzale@cewpc.com