E-FILED
Monday, 28 April, 2008  04:57:51 PM
Clerk, U.S. District Court, ILCD

05975-R1013
MER:njk
G:\13\R1013\R1013PAN 001

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| HERBERT WHITLOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF PARIS, Present and Former | ) | |
| Paris Police Officials Chief Gene Ray and | ) | Case No.: 08-CV-02055 |
| Detective James Parrish; former Illinois | ) | |
| State Trooper Jack Eckerty; former Edgar | ) | |
| County State's Attorney Michael McFatridge; | ) | |
| EDGAR COUNTY; and Illinois State Police | ) | |
| Officials Steven M. Fermon, Diane Carper, | ) | |
| Charles E. Brueggemann, Andre Parker, | ) | |
| Kenenth Kaupus and Jeff Marlow; and | ) | |
| Deborah Rienbolt, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER

NOW COMES the Defendant, EDGAR COUNTY, by MICHAEL E. RAUB of HEYL, ROYSTER, VOELKER & ALLEN, its attorneys, and as and for its Answer to the complaint filed by Herbert Whitlock, states as follows:

1.      Jurisdiction of this matter is invoked upon this Court by virtue of 42 U.S.C. § 1983 et. Seq.; 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States, Articles Four, Five, Six and Fourteen; and supplemental jurisdiction, as codified in 28 U.S.C. § 1367(a).

**RESPONSE:**        The defendant Edgar County admits the allegations contained in

paragraph 1.

**HEYL ROYSTER**
**VOELKER**
**& ALLEN**

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

2.      Venue is proper in the Central District of Illinois under 28 U.S.C. § 1391(b).

Defendants, or some of them, reside and/or formerly resided in this judicial district. A substantial

part of the events giving rise to the claims asserted herein occurred within this district.

**RESPONSE:**          The defendant Edgar County admits the allegations contained in

                       paragraph 2.


3.      Plaintiff, Herbert Whitlock, is a sixty-one-year-old man and a citizen of the state

of Illinois.

**RESPONSE:**          The defendant Edgar County admits the allegations contained in

                       paragraph 3.


4.      Defendant Gene Ray ("Ray") was a duly appointed and sworn Chief of the Police

Department of the City of Paris, Illinois. He was a final policymaker for the City of Paris in

police matters, including police investigations, was personally in charge of the homicide

investigation of Karen and Dyke Rhoads and is sued in his individual capacity.

**RESPONSE:**          The defendant Edgar County admits the allegations contained in

                       paragraph 4.


5.      Defendant James Parrish ("Parrish") was a duly appointed and sworn Paris Police

detective who was the lead Paris police investigator in the Rhoads homicide investigation and is

sued in his individual capacity.

**RESPONSE:**          The defendant Edgar County admits the allegations contained in 5.

6.      Defendant City of Paris is an Illinois municipal corporation and, as such, is

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

2

responsible for the policies, practices and customs of the Paris Police Department and its Chief of Police. Defendant City of Paris was the employer of Defendants Ray and Parrish. The City of Paris is responsible for the acts of Defendants Ray and Parrish while acting within the scope of their employment.

**RESPONSE:**        The defendant Edgar County admits the allegations contained in

7.        Defendant Jack Eckerty ("Eckerty") was a duly appointed and sworn Illinois State Police ("ISP") trooper who was the lead state police investigator in the Rhoads homicide investigation and is sued in his individual capacity.

**RESPONSE:**        The defendant Edgar County admits the allegations contained in

paragraph 7.

8.        Defendant Michael McFatridge ("McFatridge") was the Edgar County State's Attorney and is sued in his individual capacity.

**RESPONSE:**        The defendant Edgar County admits the allegations contained in

paragraph 8.

9.        Defendant Edgar County is a governmental entity within the state of Illinois, which consists in part of its Edgar County State's Attorney's Office (hereinafter referred to as SAO). Edgar County and the State's Attorney's Office are necessary parties to this lawsuit.

**RESPONSE:**        The defendant Edgar County admits it is a governmental entity within the

state of Illinois, admits the Edgar County State's Attorney's office is

HeylRoyster
Voelker
&Allen

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

3

housed in its courthouse, but denies Edgar County and the State's

Attorney's Office are necessary parties to this suit.

10.     Defendants Steven M. Fermon ("Fermon"), Diane Carper ("Carper"), Charles E.

Brueggemann ("Brueggemann"), Andre Parker ("Parker"), Kenneth Kaupus ("Kaupus") and Jeff

Marlow ("Marlow") (the "ISP Defendants") were duly appointed and sworn command level ISP

officials who supervised that agency's investigation of the Rhoads murders and are sued in their

individual capacities.

**RESPONSE:**        The defendant Edgar County admits the allegations contained in

paragraph 10.

11.     At all times relevant to this action, the ISP Defendants acted within the scope of

his or her employment and under the color of the laws, regulations and customs of the state of

Illinois. Each Defendant's actions constituted "state action" as defined under federal law.

**RESPONSE:**        This defendant has insufficient knowledge to either admit or deny the

allegations contained in paragraph 11, and therefore denies same.

12.     Defendant Deborah Rienbolt ("Rienbolt") is a private citizen of the state of

Illinois.

**RESPONSE:**        The defendant Edgar County admits the allegations contained in

paragraph 12.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

4

13.     In the early morning hours of July 6, 1986, Dyke and Karen Rhoads were stabbed to death in their home in Paris, Illinois, and their house was set on fire.

**RESPONSE:**     The defendant Edgar County admits the allegations contained in paragraph 13.

14.     Defendants Ray, Parrish, Eckerty and McFatridge were responsible for investigating the homicides. They jointly participated in said investigation commencing shortly after the crimes were discovered.

**RESPONSE:**     The defendant Edgar County denies the allegations contained in paragraph 14 of the complaint insofar as they refer to Michael McFatridge.

15.     Defendants Ray, Parrish, Eckerty and McFatridge discovered facts disclosing the identities of several credible suspects, including a prominent and influential Paris businessman (the "Paris businessman"), who shortly after the murders offered a $25,000 reward. Defendant Parrish had employment relationships off and on with the Paris businessman.

**RESPONSE:**     The defendant Edgar County denies the allegations contained in paragraph 15.

16.     Despite the existence of substantial facts leading to the identification of credible suspects, Defendants Ray, Parrish, Eckerty and McFatridge did not pursue them, but instead jointly pursued a course of conduct designed to deflect the investigation away from the Paris businessman, to quickly and expediently bring about a conviction and gain public and political

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

favor by promptly solving the murders. To that end, they conspired to accuse and convict

Gordon Randy Steidl ("Steidl") and Herbert Whitlock for these crimes. Defendants Ray, Parrish,

Eckerty and McFatridge then and there conspired and commenced acts in furtherance of

fabricating and creating a case against Steidl and Whitlock.

**RESPONSE:**          The defendant Edgar County denies the allegations contained in

paragraph 16.


17.      On or about July 9, 1986, directly after the Paris businessman offered the reward

at local bars, Defendants Parrish and Eckerty, at the direction and approval and/or with the

knowledge of defendants Ray and McFatridge, and without any physical evidence linking

Whitlock to the crimes, took Whitlock into custody and questioned him.

**RESPONSE:**          This defendant admits that the plaintiff Whitlock was questioned

concerning these crimes, but deny the remaining allegations in paragraph

17.


18.      Although Whitlock denied any connection to the crimes and provided a truthful

alibi, Defendants Ray, Parrish, Eckerty and McFatridge continued to pursue him.

**RESPONSE:**          The defendant Edgar County denies the allegations contained in

paragraph 18.


19.      On September 19, 20 and 21, 1986, Defendants Ray, Parrish, Eckerty and

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

McFatridge interviewed Darrell Herrington ("Herrington"), who they knew had five drunken

driving convictions and two convictions for passing bad checks, was considered the "town

drunk" and frequented the bars where the reward had been offered.

**RESPONSE:**        The defendant Edgar County denies the allegations contained in

                    paragraph 19.


20.    Herrington told Defendants Ray, Parrish, Eckerty and McFatridge that he was

present at the scene of the Rhoads murders and that two men, "Jim and Ed," committed the

crimes.

**RESPONSE:**                    The defendant Edgar County denies the allegations contained in

                        paragraph 20 in that they inaccurately reflect statements given by

                        Herrington to investigators.


21.    On information and belief, Herrington also told these Defendants he had been

drinking hard liquor nearly nonstop since noon on July 5, and that by the time the bars closed, he

was stumbling drunk and lapsing into unconsciousness.

**RESPONSE:**        The defendant Edgar County denies the allegations contained in

                    paragraph 21.


22.    During Herrington's three days of interrogation, Defendants subjected Herrington

to suggestion, coercion and manipulation and plied him with liquor and promises. As a result of

Defendants joint efforts, Herrington changed his story from Jim and Ed to Steidl and Whitlock

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

7

as the persons whom he had accompanied to the scene of the murders. Herrington was never charged with any crimes related to the Rhoads murders.

**RESPONSE:**    The defendant Edgar County denies the allegations contained in paragraph 22.

23.    Armed with Herrington's coerced, manipulated, manufactured and suggested false statement, Defendants Ray, Parrish, Eckerty and McFatridge, without probable cause, obtained a walTant to electronically eavesdrop on conversations of Whitlock. Their plan was to use Herrington as a wired informant to entrap Whitlock into making inculpatory statements. The plan failed. Despite their efforts, Whitlock steadfastly maintained he had no connection with the crime. Even though the scheme proved unsuccessful, Defendants Ray, Parrish, Eckerty and McFatridge were not dissuaded and continued to pursue their scheme to accuse and convict Steidl and Whitlock.

**RESPONSE:**    This defendant admits that a warrant was obtained to conduct an electronic eavesdrop with regard to conversations with the plaintiff Whitlock, but denies the remaining allegations in paragraph 23.

24.    Defendants Ray, Parrish, Eckerty and McFatridge subjected Herrington to a polygraph examination on September 29, 1986. Concerning direct questions asked by the examiner about whether Herrington was truthful when he accused Steidl and Whitlock, the examiner found that Herrington engaged in "purposeful non-cooperation ... (consistent with) not telling the truth" as to "one or more" of the questions.

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

**RESPONSE:**          The defendant Edgar County denies the allegations contained in

paragraph 24, insofar as they refer to conduct of Michael McFatridge.


25.    Fearing that Herrington's fabricated statement would not withstand further

polygraph scrutiny, Defendants Ray, Parrish, Eckerty and McFatridge did not follow the

examiner's recommendation that Herrington be subjected to another polygraph examination.

Lacking a credible witness, they decided not to charge Steidl and Whitlock with the murders at

that time. Nevertheless, Defendants Parrish and Eckerty, with the knowledge and approval of

Defendants Ray and McFatridge, officially recorded Herrington's fabricated and discredited

story in the Paris police reports, but intentionally suppressed and concealed from those reports

the highly exculpatory evidence concerning "Jim and Ed," the lie detector test and its results, and

that Herrington's story was the product of their coercion, fabrication, manipulation, suggestion,

promises, financial rewards and alcohol.

**RESPONSE:**          The defendant Edgar County denies the allegations contained in

paragraph 25 insofar as it refers to conduct of Michael McFatridge.


26.    For the next several months, Defendants Ray, Parrish, Eckeliy and McFatridge

continued to meet with Herrington and to use coercive, suggestive and manipulative tactics,

promises, rewards, liquor and, on at least one occasion, suggestions by hypnosis, in order to

further manufacture and fabricate a more believable, story about Steidl and Whitlock.

**RESPONSE:**          The defendant Edgar County denies the allegations contained in

paragraph 26.

**HEYL ROYSTER**
**VOELKER**
**&ALLEN**

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

27.    Defendants Parrish and Eckerty, with the knowledge and approval of Defendants Ray and McFatridge, suppressed and concealed from their official reports, the continued coercion, manipulation, suggestion, fabrication, promises and rewards, as well as the content of Herrington's statements taken under hypnosis.

**RESPONSE:**    The defendant Edgar County denies the allegations contained in paragraph 27.

28.    On February 16, 1987, seven months after the yet unsolved murders, knowing that they had no credible evidence to charge Steidl and Whitlock, Defendants Ray, Parrish, Eckerty and McFatridge began to meet with another completely unstable individual, a known alcoholic and drug addict, Defendant Rienbolt, who was on felony probation and whom Parrish had previously pressured to be his informant.

**RESPONSE:**    This defendant admits interviews with Debra Reinbolt concerning investigation of these crimes took place, but denies the remaining allegations contained in paragraph 28.

29.    Defendant Parrish accused Rienbolt of involvement in the murders, and, despite her denials, Defendants Parrish and Eckerty, under the supervision and with the participation and/or knowledge of Defendants Ray and McFatridge, continued to interrogate Rienbolt about the crimes.

**RESPONSE:**    The defendant Edgar County denies the allegations contained in paragraph 29 insofar as they allege conduct on the part of Michael McFatridge.

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

30.    During the interrogations, Defendants Parrish and Eckerty, under the supervision and with the pmiicipation and/or knowledge of Defendants Ray and McFatridge, repeatedly pressured and challenged Rienbolt that she was present at the crime scene and participated in the murders with Steidl and Whitlock, which they postulated took place because Dyke Rhoads backed out of a drug deal.

**RESPONSE:**    The defendant Edgar County denies the allegations contained in paragraph 30.

31.    Defendants made promises of financial rewards, coerced, pressured, suggested and manipulated Defendant Rienbolt to create the story that her husband's knife really belonged to Whitlock and that Whitlock had given it to her shortly after the crime with blood on it.

**RESPONSE:**    The defendant Edgar County denies the allegations contained in paragraph 31.

32.    Defendant Rienbolt told to Defendants Parrish and Eckerty that she had gone to work at the Paris Health Center and later consumed vast quantities of drugs and alcohol on July 5, 1986. Defendant Rienbolt did not originally say she witnessed Steidl and/or Whitlock commit the murders and arson. Nevertheless, Defendants Parrish and Eckerty caused Rienbolt to change her story and make false statements that she didn't go to work, that she saw Steidl, Whitlock and Herrington together the night before the murders and other false statements about Whitlock and the scene of the murders. Defendant Rienbolt knew her statements were false and that they would be used to accuse and prosecute Steidl and Whitlock, but she agreed with Defendants to be an active participant and knowingly provide false statements to accuse and prosecute Steidl

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

and Whitlock. On the basis of these coerced, manipulated, manufactured, and suggested false

statements, Defendants Ray, Parrish, Eckerty and McFatridge also obtained, without probable

cause, a warrant to electronically overhear conversations of Steidl and Whitlock, and tried to use

Defendant Rienbolt as a wired informant to entrap Whitlock at an AA meeting into making false

inculpatory statements. Defendant Rienbolt willingly attempted to trap him, but try as she may,

Whitlock steadfastly and truthfully denied involvement.

**RESPONSE:**　　　　The defendant Edgar County denies the allegations contained in

　　　　　　　　　　paragraph 32 in that they do not accurately summarize or reflect

　　　　　　　　　　statements given by Debra Reinbolt and further deny any wrongful

　　　　　　　　　　conduct on the part of Michael McFatridge.


　　　　33.　　On February 19, 1987, on the basis of knowingly fabricated and false statements,

Defendants Ray, Parrish, Eckerty and McFatridge obtained arrest warrants for Steidl and

Whitlock for the murders of Karen and Dyke Rhoads and for arson and caused them to be

arrested for said crimes. Following their arrest, when questioned at the jail, both Steidl and

Whitlock truthfully denied involvement in the crimes.

**RESPONSE:**　　　　The defendant Edgar County admits that arrest warrants were obtained

　　　　　　　　　　for Steidl and Whitlock but deny the remaining allegations contained in

　　　　　　　　　　paragraph 33.


　　　　34.　　Defendants Parrish and Eckerty, with the knowledge and approval of Defendants

Ray and McFatridge, wrote and recorded Defendant Rienbolt's manufactured story in official

police reports, while suppressing from those reports the highly exculpatory information on how

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

these statements were obtained and that they were false and incredible, contrary to physical and

other evidence and based on fabrication, coercion, suggestion, threats, promises, alcohol and

drugs.

**RESPONSE:**          The defendant Edgar County denies the allegations contained in

paragraph 34.

35.     On the basis of these coerced, manipulated, manufactured and suggested false

statements, Defendants Ray, Parrish, Eckerty and McFatridge also obtained, without probable

cause, a warrant to seize hair, saliva and blood from the persons of Steidl and Whitlock. These

searches did not lead to any inculpatory evidence against either Steidl or Whitlock, but

Defendants continued to wrongfully pursue their scheme to accuse and prosecute Steidl and

Whitlock.

**RESPONSE:**          This defendant admits that warrants were obtained to secure evidence

from the persons of Steidl and Whitlock, but deny the remaining

allegations contained in paragraph 35.

36.     Using Defendant Rienbolt's and Herrington's false statements, Defendants

wrongfully charged Steidl and Whitlock by information with murder and arson. On March 10,

1987, Steidl and Whitlock were indicted for these crimes by the Edgar County Grand Jury after

Defendant Parrish presented false information, including these statements and perjured testimony

to the Grand Jury. Acting in concert with Defendants Ray, Parrish, Eckerty and McFatridge,

Defendant Rienbolt willfully and knowingly offered false testimony to the Grand Jury in an effort

to have Steidl and Whitlock indicted.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

13

**RESPONSE:**         This defendant admits that information was filed charging Whitlock and

Steidl with these crimes and further admit that a grand jury returned an

indictment against Steidl and Whitlock, but deny the remaining allegations

contained in paragraph 36.

37.    Defendants Ray, Parrish and Eckeliy specifically suppressed from the Grand Jury

exculpatory evidence which, if known to the Grand Jury, would have demonstrated that these

statements were false, coerced, manipulated, manufactured and suggested, that Steidl and

Whitlock were innocent, that the Defendants had identified other likely suspects unrelated to

Steidl and Whitlock, all of which would have likely resulted in a "no bill" and a failure to indict.

**RESPONSE:**         The defendant Edgar County denies the allegations contained in

paragraph 37.

38.    Defendants Ray, Parrish, Eckerty and McFatridge continued to urge Defendant

Rienbolt to fabricate further stories, using, inter alia, threats of physical force, threats of

prosecution, promises of leniency, promises of money and drug treatment. Defendant Rienbolt,

who was continually under the influence of alcohol and drugs, made further fabrications

concerning the murders, to wit:

a.    On March 29, 1987, Defendant Parrish, under the supervision and with the

participation and/or knowledge of Defendants Ray, Eckerty and McFatridge interrogated

Rienbolt and induced hcr to falsely state that on the night of the murders, Whitlock made

statements to her that he, Steidl and Herrington were going to the Rhoads' house to deal with

Dyke concerning drugs, that she gave her husband's knife to Whitlock, that she was present at

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

the scene of the crimes, that she heard screaming, saw the bodies and later got the knife back

from Whitlock with blood on it.

     b.     In early April 1987, Defendants Parrish and Eckerty, under the supervision

and with the participation and/or knowledge of Defendants Ray and McFatridge, again

interrogated Rienbolt on several occasions and compelled and induced her to further fabricate

the story that she was present at the crime scene and physically restrained Karen Rhoads while

Steidl and Whitlock stabbed Dyke Rhoads multiple times and then stabbed Karen Rhoads

multiple times and that Steidl and Whitlock later paid her money not to talk.

**RESPONSE:**     The defendant Edgar County denies the allegations contained in

                  paragraph 38, and in each subpart thereof.


     39.     In March and April of 1987, Defendants Parrish and Eckerty, with the

participation and/or knowledge and approval of Defendants Ray and McFatridge, similarly

coerced, manipulated and suggested false statements from other witnesses, including Curtis

Smith and Carol Robinson, in an attempt to corroborate portions of Defendant Rienbolt's

testimony. Defendants Parrish and Eckerty intimidated witnesses by shouting at them,

threatening to put them in jail, shaking their fists, smacking their fists on the table and kicking

chairs. On one occasion Defendant Parrish so violently intimidated a witness named Barbara

Furry, who was nine months pregnant, that he caused her to urinate on herself.

**RESPONSE:**     The defendant Edgar County denies the allegations contained in

                  paragraph 39, insofar as conduct is alleged on behalf of Michael

                  McFatridge.

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

15

40.     Additionally, Defendants Parrish and Eckerty, with the knowledge and approval of Defendants Ray and McFatridge, wrote and recorded these coerced, manipulated, suggested and manufactured false stories and statements of Defendant Rienbolt, Smith and Robinson in official police reports while suppressing from those reports the highly exculpatory information that these statements were false and incredible, obtained by coercion and intimidation, were contrary to physical and other evidence and based on fabrication, suggestion, threats and promises.

**RESPONSE:**          The defendant Edgar County denies the allegations contained in paragraph 40.

41.     In an attempt to influence public opinion and prospective jurors, Defendant McFatridge made numerous false pretrial public statements to the media concerning Steidl, Whitlock and the evidence against them, which statements were widely reported in the press. McFatridge's statements violated the Illinois Rules of Professional Conduct, specifically Rule 3.6, prohibiting publication of opinions on the guilt or innocence of accused persons.

**RESPONSE:**          The defendant admits that Michael McFatridge made public statements to the media concerning the prosecution of these crimes, but deny the remaining allegations contained in paragraph 41.

42.     In order to insure that Defendant Rienbolt would continue to tell her false story at Steidl's and Whitlock's trials, the Defendants first put her into a drug treatment center, then placed her under house arrest and coerced and enticed her into pleading guilty to the charge of concealing a homicidal death, in exchange for a lenient sentence, the payment of her "relocation

**HEYL ROYSTER**
**VOELKER**
**&ALLEN**

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

expenses" and other rewards. As part of this coercive agreement, the Defendants obtained

Defendant Rienbolt's signature on a six-page statement of "facts" which recited her prior

coerced, suggested, fabricated, manipulated, false and incredible statements about the crime.

This "agreement" further provided that she could be charged with, and tried for, additional

crimes if she did not testify consistently with her statement and the Defendants made it clear to

her that these additional crimes included murder, with a possible sentence of death.

**RESPONSE:**    The defendant Edgar County denies the allegations contained in

paragraph  42.

43.    Whitlock was tried in May of 1987 in Edgar County, Illinois. On the basis of the

fabricated and manufactured evidence and because exculpatory materials were concealed from

Whitlock and his attorney, the jury returned a verdict of guilty of the murder of Karen Rhoads,

which it would not have done but for the wrongful conduct of Defendants Ray, Parrish, Eckerty,

McFatridge and Rienbolt

**RESPONSE:**    This defendant admits a jury returned a verdict of guilty against the

plaintiff Whitlock, but deny the remaining allegations contained in

paragraph 43.

.

44.    In June of 1987, Steidl was tried and convicted of murder and arson in

Vern1ilion County, and on June 16, 1987, sentenced to death on the basis of similar false and

fabricated evidence and concealed exculpatory materials.

**RESPONSE:**    The defendant admits the jury returned a verdict against Steidl but denies

the remaining allegations contained in paragraph 44.

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

17

45.     During the course of their trials, Defendant McFatridge, with the cooperation of Defendants Ray, Parrish and Eckerty, did not reveal and took affirmative measures to withhold and suppress the following exculpatory materials favorable to Steidl and Whitlock:

a.     That there were numerous credible leads pointing to other suspects, including a prominent and influential Paris businessman;

b.     That witnesses were threatened and intimidated;

c.     There were failed polygraph tests by prosecution witnesses; Defendant Rienbolt testified she saw a piece of broken lamp in Steidl's hand. The lamp was not broken until after the fire;

d.     There were money and favors given to prosecution witnesses in exchange for their testimony;

e.     Defendants arranged to give witnesses hypnotic suggestions;

f.     The Defendants provided alcohol to witnesses before and during the time they were giving statements;

g.  Herrington believed the murders were committed by two men named "Jim

h.  There was a cut on Herrington's hand the night of the murders.

i.  Defendants failed and refused to submit Herrington's blood standard to the ISP lab.

j.  Defendant Reinbolt testified she saw a piece of broken lamp in Steidl's hand.  The lamp was not broken until after the fire.

k.  That Defendant Rienbolt originally stated that she saw a broken vase which did not exist;

l.  .    That witnesses had identified someone other than Whitlock as a perpetrator.

m.     That prosecution trial witnesses were coached in their testimony and

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

provided with fabricated stories; and

n.    That there was a previous business relationship between Defendant Parrish

and the Paris businessman.

**RESPONSE:**    The defendant Edgar County denies the allegations contained in

paragraph 45, and in each subpart thereof.


46.    The officers and the prosecutors had a legal duty under Brady v. Maryland, 373

U.S. 83,83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and its progeny to disclose the foregoing, along

with all evidence favorable to Whitlock. Notwithstanding their duty, Defendants Ray, Parrish,

Eckeliy and McFatridge refused to disclose the foregoing and, in fact, concealed and deliberately

obstructed access to exculpatory information. Following the trial and conviction, other ISP

employees who became aware of the undisclosed and concealed information, including

Defendants Fennon, Carper, Brueggemann and Kaupus, had an affirmative Brady duty to

disclose.

**RESPONSE:**    These defendants admit the existence of the duty established by the U.S.

Supreme Court in *Brady v. Maryland*, but denies any violation of this

duty on the part of the defendant Michael McFatridge and all allegations

in this paragraph.


47.    Defendants Ray, Parrish, Eckerty and McFatridge suppressed from Whitlock and

his lawyers, the Judge who presided over his case and the jury that convicted Whitlock all of the

highly exculpatory evidence set forth above, as well as evidence of other potential suspects and

promises of leniency and payments that the Defendants made to Defendant Deborah Rienbolt.

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

19

**RESPONSE:**          The defendant Edgar County denies the allegations contained in

paragraph 47.


48.      Despite their exhaustive attempts to do so, the Defendants neither developed nor

presented at trial, nor thereafter, any physical evidence, such as hair samples, fingerprints,

bloodstains, footwear patterns or other scientific evidence, which linked Whitlock to the crime

scene.

**RESPONSE:**          The defendant Edgar County denies the allegations contained in

paragraph 48.


49.      Directly after his conviction and sentencing, Whitlock filed a notice of appeal and

a post-conviction petition challenging his conviction. The Attorney General's Office represented

the State in these post-trial proceedings.

**RESPONSE:**          The defendant Edgar County admits the allegations contained in

paragraph 49.


50.      After the trial and during the post-trial proceedings, Defendants Ray, Parrish,

Eckerty and McFatridge continued to suppress and withhold the exculpatory materials from

Whitlock. Being unaware of the exculpatory material, Brady issues which should have been

considered were not effectively raised in post-conviction proceedings.

**RESPONSE:**          The defendant Edgar County denies the allegations contained in

paragraph 50.

**HEYLROYSTER**
**VOELKER**
**&ALLEN**

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

51.    Shortly after Whitlock's conviction and sentencing in August of 1987, Herrington and his wife told Defendants Ray, Parrish and other Paris police officers that 1) Herrington had lied in his testimony at trial; 2) that he saw the Paris businessman at the bottom of the Rhoads' stairs just after the murders and before he saw Steidl and Whitlock; 3) that Steidl and Whitlock had walked in after the crime rather than having committed it; 4) that the Paris businessman said to Herrington, "You didn't see me," and later offered him $25,000 in cash, $25,000 in property and a job with the promise he would not have to work, to keep his mouth shut; and 5) that the Paris businessman was shipping narcotics in bags of dog food produced by one of his companies.

**RESPONSE:**        The defendant Edgar County denies the allegations contained in paragraph 51.

52.    Defendants Ray and Parrish recorded these highly exculpatory statements in notes and in a police report during the time Whitlock was appealing his case, but they concealed them and did not disclose them to Whitlock or his attorneys. They suppressed the report and the retraction with the knowledge and/or at the direction and with the approval of Defendant McFatridge from Steidl and Whitlock, their lawyers and the Courts who were considering the appeals and post-conviction proceedings. These notes and reports remained suppressed until 1998 when investigator Bill Clutter discovered them in a police storage garage.

**RESPONSE:**        The defendant Edgar County denies the allegations contained in paragraph 52 insofar as conduct is alleged on behalf of Michael McFatridge.

HEYL ROYSTER
VOELKER
& ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

53.    After Herrington's recantation, Defendants took affirmative steps to convince him to repudiate his recantation, including helping him get his revoked drivers license reinstated. Defendants Parrish and McFatridge intervened on Herrington's behalf with the Office of the Illinois Secretary of State in an attempt to help Herrington get his revoked driver's license restored, despite his five DUI convictions. They successfully restored his driving privileges and even obtained a waiver of fines related to the convictions. Defendants' efforts were not disclosed to Whitlock or his attorneys.

**RESPONSE:**    The defendant Edgar County denies the allegations contained in paragraph 53.

54.    Later in 1988, Defendant Rienbolt, while in prison and acting as an informant for a Federal Marshal who was looking for a federal fugitive named James "Jim" Slifer, informed him that Slifer had ordered and was present for the Rhoads murders.

**RESPONSE:**    The defendant Edgar County denies the allegations contained in paragraph 54.

55.    Defendant Rienbolt became the subject of a Federal investigation for allegedly making false statements to federal authorities, and in January of 1989, McFatridge intervened with the U.S. attorney's office on her behalf. Neither his intervention nor Rienbolt's statement about Slifer were disclosed to Steidl or Whitlock.

**RESPONSE:**    The defendant Edgar County denies the allegations contained in paragraph 55.

**HEYLROYSTER**
**VOELKER**
**&ALLEN**

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

56.     In January of 1989, Defendant Rienbolt recanted her trial testimony. She told Steidl's appellate lawyer that 1) Steidl "did not take part in the killings of Dyke and Karen Rhoads and was not present when the murders took place," 2) that James Slifer "was personally present in the Rhoads bedroom at the time of the murders," 3) that Cheryl Costa "had some involvement with Slifer and the murders," and 4) that Darrell Herrington was not present at the scene of the murders. Additionally, she signed an affidavit which stated that she knew "Randy Steidl did not stab either Dyke or Karen Rhoads," and that she "repeatedly told the police and the prosecutor that Randy Steidl did not stab either Dyke or Karen Rhoads, but the police and the prosecutor ignored my statements."

**RESPONSE:**     The defendant Edgar County admits the defendant Reinbolt made some recantation of her prior testimony for a brief period of time, but deny the allegations of paragraph 56 accurately summarize this recantation.


57.     Defendants Parrish and McFatridge, upon learning of Defendant Rienbolt's recantations, which among other things implicated them and their fellow Defendants in suborning perjury and obstructing justice, threatened and intimidated Defendant Rienbolt. As a result of Defendants' threats, she repudiated her recantation.

**RESPONSE:**     The defendant admits that the defendant Reinbolt repudiated her recantation of her trial testimony, but denies the remaining allegations contained in paragraph 57.


58.     Whitlock subsequently filed a post-conviction petition which raised, inter alia, the testimony of Herrington and Rienbolt and their recantations.

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

**RESPONSE:**        The defendant Edgar County admits the allegations contained in

paragraph 58.


59.    In response to this filing, Defendant McFatridge, continuing his false publicity

campaign, again made false and prejudicial public statements in response to Plaintiffs evidence,

discrediting the recantations and again falsely claiming that "one fact will never change --- that

Herbert R. Whitlock and Gordon R. Steidl are responsible for the deaths of Dyke and Karen

Rhoads." Such a statement posed a serious and imminent threat to the fairness of the

adjudicative proceedings and constituted an impermissible published opinion on the guilt of

Whitlock in violation of Supreme Court Rule 3.6 (Illinois Rules of Professional Conduct).

**RESPONSE:**        The defendant Edgar County denies the allegations contained in

paragraph 59.


60.    As a consequence, Herrington's and Rienbolt's original false, manufactured and

coerced testimony and their wrongful! y induced repudiations of their recantations as aforesaid,

the Defendants' continued concealment and suppression of highly exculpatory evidence,

Defendants Parrish's and Eckerty's false and perjurious testimony at the hearing, the continued

highly prejudicial atmosphere engendered by this false evidence and Defendant McFatridge's

publicity campaign, the trial Judge denied Whitlock's post-conviction petition.

**RESPONSE:**        This defendant admits that Whitlock's post-conviction petition was

denied, but denies the remaining allegations contained in paragraph 60.


61.    Defendant McFatridge resigned his position as State's Attorney of Edgar County

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

in early 1991.

**RESPONSE:** The defendant denies the allegations contained in paragraph 61 as stated, and affirmatively states that Michael McFatridge left office after the expiration of his term of office.

62.    On September 28, 1988, the Illinois Appellate Court for the Fourth District, basing its decision on the trial court record, containing the same coerced, suggested, fabricated and manipulated evidence and being unaware of the highly exculpatory evidence which had been concealed and suppressed, affirmed Whitlock's conviction and sentence and the denial of his post-conviction petition.

**RESPONSE:** This defendant admits that the Illinois Appellate Court for the Fourth District affirmed the denial of Whitlock's post conviction petition, but denies the remaining allegations contained in paragraph 62.

63.    On March 6, 1990, Whitlock filed a petition for habeas corpus in the United States District Court for the Central District of Illinois. As a direct consequence of 1) all of the false testimony, statements and repudiations of recantations which were coerced, suggested, fabricated, manipulated and purchased by Defendants Ray, Parrish, Eckerty and McFatridge, and 2)    the Defendants' continued concealment and suppression of highly exculpatory evidence, and 3) Defendant McFatridge's publicity campaign, Whitlock's habeas corpus petition was ultimately dismissed. On June 8, 1992, Whitlock filed a second petition for habeas corpus in the United States District COUl1 for the Central District of Illinois which was similarly dismissed as a consequence of the wrongful conduct of Defendants as aforesaid.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

25

**RESPONSE:**          This defendant admits the accuracy of the rulings made by the  District

Court, but denies the remaining allegations contained in paragraph 63.


64.      In February 1996, Defendant Rienbolt gave a sworn court reported and

videotaped statement to Steidl's lawyers in which she swore that her prior statements and

testimony were false. She further swore she had not been present at the scene of the murders,

that the knife she provided was not the murder weapon and that she had no knowledge of Steidl

having been involved in the crime. She also averred that Defendants Ray, Parrish, Eckerty and

McFatridge coerced, manipulated and helped her fabricate her statements and trial testimony

which falsely inculpated Steidl and Whitlock.

**RESPONSE:**          This defendant denies this paragraph accurately summarizes the statement

given by Debra Reinbolt in  February 1996.


65.      Less than a week after her 1996 recantation, Defendant Rienbolt met with

Defendants Parrish, Eckerty and McFatridge and, on information and belief, because of their

threats and coercion, retracted her recantation of the previous week.

**RESPONSE:**          This defendant admits that in 1996 the defendant Rienbolt retracted her

previous recantation, but denies the remaining allegations contained in

paragraph 65.


66.      On September 18, 1997, the Illinois Supreme COUl1 reversed the dismissal of

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

Steidl's amended post-conviction petition holding that he was entitled to an evidentiary hearing. Defendants knew that Steidl's success in his hearing would have had a concomitant benefit for Whitlock.

**RESPONSE:**        This defendant admits the accuracy of the holding of the Illinois Supreme Court but denies the remaining allegations contained in paragraph 66.

67.    In 1998, the trial court conducted a post-conviction evidentiary hearing for Steidl. Defendants again introduced their fabricated evidence and again suppressed exculpatory material, all in an effort to have the court deny the petition. Defendant McFatridge gave false and perjured testimony at Steidl's hearing, in which he denied any misconduct by himself or any other of the Defendants, and Defendants Ray, Parrish, Eckerty and McFatridge continued to conceal and suppress from this hearing all of the exculpatory evidence discussed above. Their wrongful conduct was designed to continue the wrongful incarceration of Steidl, which they knew would have a parallel effect on Whitlock. Their conduct was also designed to cover up Defendants' wrongful acts and omissions in the prosecution, conviction and post-trial proceeding of both Steidl and Whitlock.

**RESPONSE:**        The defendant Edgar County denies the allegations contained in paragraph 67.

68.    On December 11,1998, the trial court again denied Steidl's post-conviction relief on his conviction, although the court did grant Steidl a new sentencing hearing, at which the state declined to pursue the death penalty. On February 18, 1999, Steidl was resentenced to natural life imprisonment. The Illinois Appellate Court affirmed denial of this post-conviction

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

petition on December 5, 2000, and the Illinois Supreme Court denied leave to appeal on April 4, 2001.

**RESPONSE:**          This defendant admits the accuracy of the allegations of actions taken by the trial court, the appellate court and the Supreme Court, but denies the remaining allegations contained in paragraph 68.

69.    In 1999, following a national conference, Northwestern University professor David Protess and his Innocence Project sent a team of student investigators from the Center on Wrongful Convictions. The contradictions and anomalies which manifested themselves were also featured in television reports. The disclosures led to the appointment of ISP Lieutenant Michale Callahan ("Callahan") in April 2000 who was assigned to investigate the Steidl and Whitlock convictions.

**RESPONSE:**          This defendant admits an investigation by Northwestern University and Project Innocent, but denies the remaining allegations contained in paragraph 69.

70.    At the time of his appointment, Callahan was the District 10 Investigations Commander.

**RESPONSE:**          The defendant Edgar County admits the allegations contained in paragraph 70.

71.    Following exhaustive research into the Rhoads' murders and the Steidl and

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

Whitlock trials, Callahan wrote a detailed memo which he sent to ISP Captain John Strohl on May 17, 2000. The memo was circulated up the ISP chain of command to Defendants Carper and Parker and later to Defendant Fennon. Callahan documented a wealth of evidence gathered during his review, all of which supported his conclusion that Steidl and Whitlock "had not been proven guilty beyond a reasonable doubt," and that the Paris businessman "was at one time and should still be the focus of the investigation."

**RESPONSE:**          This defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 71, and therefore denies same.

72.     Among the facts, findings and conclusions included in this memorandum of May 17,2000, were thirty-eight separate contradictions and material falsehoods found in Defendant Rienbolt's and Herrington's testimony, including the following:

"     Defendants Parrish and McFatridge had witness Carol Robinson lie on the stand about whether she saw Herrington and Steidl together on July 5th.

"     Herrington's time line did not fit with the crime;

"     A polygraph examiner found purposeful non cooperation of Herrington and the examiner's recommendation that Herrington be re-examined was rejected by the Defendants;

"     Rienbolt's testimony that she skipped work on the night of July 5th and was with Steidl and Whitlock was refuted by numerous witnesses;

"     Rienbolt's testimony that a broken lamp was used in the homicides was refuted by the testimony of the fire examiners;

"     Rienbolt later recanted her testimony that she was present at the murders and that Steidl was involved;

**HEYL ROYSTER**
**VOELKER**
**&ALLEN**

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

29

"    Rienbolt lied about the knife;

"    Rienbolt admitted that Parrish led her into her false testimony;

"    Herrington testified he was at Joe's Bar with Steidl and Whitlock at 8:30 p.m. and they all went to the Horseshoe Bar, while Defendant Rienbolt testified she was with them at the same time at the Tap Room Bar;

"    Herrington described the crime scene, placing Dyke Rhoads on the floor with shorts on and Karen Rhoads on the bed with panties on. The firemen said they were totally nude;

"    Defendant Rienbolt stated that she went to the American Legion Bar with Barbara Furry. Barbara Funy stated that she has never gone to the bars with Defendant Rienbolt and she was not at the American Legion July 5, 1986;

"    Defendant Rienbolt implausibly stated that Steidl and Whitlock took showers at the Rhoads' house after the murders.

"    Herrington stated that Whitlock had a clump of Karen Rhoads' hair in his hand. The autopsy report shows no hair tom from Karen Rhoads' head.

**RESPONSE:**        This defendant admits the Callahan's report contained these arguments, but denies the truth of the same.


73.    In this May 17,2000, memorandum, Callahan further set forth evidence which supported the detem1ination that the Paris businessman and several of his employees were, and continued to be, suspects in the Rhoads murders, in other related homicides and in organized crime and narcotics trafficking. Callahan found that Defendant Parrish had a connection to the Paris businessman. Callahan found that much of this highly exculpatory evidence was known to

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

Defendants Ray, Parrish, Eckerty and McFatridge and was suppressed from Steidl and

Whitlock,

including:

"    Karen Rhoads was employed by the Paris businessman as a secretary and he frequently

visited her apartment;

"    The Paris businessman was a suspect in two prior homicides including the murder of a

former secretary;

"    Karen Rhoads said that she had seen the Paris businessman and an employee load a large

sum of cash and a machine gun in the Paris businessman's car;

"    Karen Rhoads had told the Paris businessman the Friday prior to the murders that she

was quitting her job, that he forbade her from doing so and a big argument ensued. Karen wrote

a letter later found on her desk which read "I'm still with Bob. He says my bonus will be real big

this year. Believe me it had better; "

"    Two of the Paris businessman's employees, who were known as his "right hand men,"

were implicated in the Rhoads murders;

"    The Paris businessman arrived on the scene just as the investigators did and offered his

theory about the murders;

"    Immediately after the murders, the Paris businessman offered a $25,000 reward in local

bars for infonnation on the murders. Herrington later stated that the Paris businessman offered

him $25,000 and a job to keep his mouth shut;

"    Herrington also told Ray and Parrish that the Paris businessman was at the scene of the

murders at the time they occurred;

HeylRoyster
Voelker
&Allen

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

31

"    Parrish worked for the Paris businessman during a six-month suspension prior to the murders.

**RESPONSE:**    This defendant admits the arguments contained in this paragraph were included in the Callahan memorandum, but denies the accuracy and relevancy of the same.


74.    Callahan continued his investigation, and in July of 2000 and August of 2001, he wrote further memos to his superiors. Those memos were also disseminated to Carper and Parker, and later to Defendant Fermon. In these memos, he provided further details about his interviews which were exculpatory to Steidl and Whitlock. Much of what Callahan reported was known to Defendants Ray, Parrish, Eckerty and McFatridge at all times and was withheld and suppressed from Steidl and Whitlock. These memos, totaling twenty-eight pages of details, containing exculpatory evidence and investigative findings and discussing the connection of the Paris businessman to the Rhoads murders were delivered to Defendants Fermon, Carper and Parker, but not disclosed to Steidl, Whitlock or their attorneys at that time.

**RESPONSE:**    This defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 74, and therefore denies same.


75.    Defendant Eckelly, other law enforcement agents and Eckerty's wife contacted Callahan to tell him that Eckerty was a "good cop" and that Callahan should not ruin his reputation. Eckerty also offered to sell Callahan a houseboat at his cost. Callahan suggested a full scale reinvestigation, focusing in large part on the Paris businessman.

**HEYL ROYSTER**
**VOELKER**
**&ALLEN**

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

**RESPONSE:**        This defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 75, and therefore denies same.

76.     Upon receipt of all the evidence and investigative findings reported by Callahan and in an effmi to cover up the wrongdoing of Defendants Ray, Parrish, Eckeliy and McFatridge, Defendants Fennon, Carper, Brueggemann and Parker refused a full investigation of the Rhoads case because, as Carper put it, it was "too politically sensitive." Defendants Fennon, Carper, Brueggmann and Parker allowed only an investigation of the Paris businessman, limited to intelligence gathering. Then they removed Callahan from the Rhoads case and ordered him to focus on assignments other than the Rhoads murders and the Paris businessman. They demoted Callahan and transfetTed him from his investigative post and, with Defendant Kaupus, launched an effort to discredit Callahan's evidence, findings and recommendations.

**RESPONSE:**        This defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 76, and therefore denies same.

77.     Once they obtained full knowledge of the concealed, withheld and suppressed exculpatory evidence which was existing at the time of Whitlock's arrest, conviction and post conviction proceedings, Defendants Fermon, Carper, Brueggemann and Parker had an affirmative duty under Brady to disclose this evidence to Whitlock and his attorneys. But rather than so advise Whitlock, his attorneys or the courts, Defendants Fermon, Carper, Brueggemann and Parker, along with Defendants Ray, Parrish, Eckerty and McFatridge, kept mum and took steps actively to keep the evidence concealed. Whitlock had a right to be informed about Brady material.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

**RESPONSE:**            This defendant has insufficient knowledge to either admit or deny the

allegations contained in paragraph 77, and therefore denies same.


78.    As a result of his demotion, Callahan brought a civil suit accusing Fennon and

Carper of violating his free speech and of retaliatory demotion. A jury awarded $700,000 in

favor of Callahan and against Fem10n and Carper.

**RESPONSE:**            This defendant has insufficient knowledge to either admit or deny the

allegations contained in paragraph 78, and therefore denies same.


79.    Because Defendants Fennon, Carper, Brueggemann, Parker and Kaupus

suppressed the investigation into the Rhoads murders, the development of further evidence

exculpatory to Steidl and Whitlock which would have resulted therefrom was thwarted.


**RESPONSE:**            This defendant has insufficient knowledge to either admit or deny the

allegations contained in paragraph 79, and therefore denies same.


80.    These same Defendants caused the wealth of exculpatory evidence uncovered by

Callahan to be withheld from Steidl and Whitlock during the period of time they were

petitioning for release. Callahan's information, when combined with the previously concealed

information, would have likely resulted in their exoneration and release.

**RESPONSE:**            This defendant has insufficient knowledge to either admit or deny the

allegations contained in paragraph 80, and therefore denies same.

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

81.    Steidl and Whitlock filed petitions for executive clemency with the Governor of the state of Illinois in which they asked for a pardon on the basis of their innocence.

**RESPONSE:**    The defendant Edgar County admits the allegations contained in paragraph 81.

82.    When he learned of their petitions for clemency, Defendant McFatridge launched a public campaign opposing the freeing of Steidl and Whitlock by pardon, clemency or any collateral relief. In so doing, he again made false public statements which prejudiced Steidl and Whitlock and their legitimate claims of innocence, for a new trial and for release, which they were seeking in post-conviction, habeas and clemency and pardon proceedings.

**RESPONSE:**    The defendant Edgar County denies the allegations contained in paragraph 82.

83.    On information and belief, a representative of the Governor called Callahan, informing him that the Governor was prepared to pardon Steidl and Whitlock if Callahan could represent to him that, based on his investigation, they were innocent.

**RESPONSE:**    This defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 83, and therefore denies same.

84.    On information and belief, Callahan, who was required to seek approval from his superiors before providing such an official statement, contacted the Defendants who were his superiors in the chain of command and immediately sought such approval.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

35

**RESPONSE:**        This defendant has insufficient knowledge to either admit or deny the

allegations contained in paragraph 84, and therefore denies same.

85.    On information and belief, Callahan provided a detailed briefing at a lengthy

meeting attended by Defendants Fennon, Carper, Brueggemann and others where he presented

all the evidence and findings set forth above and articulated his opinion, supported by all this

evidence, that Steidl and Whitlock had not only not been proven guilty beyond a reasonable

doubt, but that they were innocent and that the jury never heard the truth. Callahan also told

these Defendants that there was no credible evidence against Steidl and Whitlock, that the two

so-called eye witnesses had been completely discredited, that he strongly suspected that the

wrongdoing by Parrish, Eckerty and McFatridge and the Paris businessman should continue to

be the focus of the investigation.

**RESPONSE:**        This defendant has insufficient knowledge to either admit or deny the

allegations contained in paragraph 85, and therefore denies same.

86.    At the briefing, Defendants Fermon, Carper and Brueggemann opposed

Callahan's evidence and took the position that he should not be permitted to inform the

Governor's representative that Steidl and Whitlock were innocent. On information and belief,

Callahan was ordered to offer no opinion and supply no exculpatory evidence to the Governor

or his representative.

**RESPONSE:**        This defendant has insufficient knowledge to either admit or deny the

allegations contained in paragraph 86, and therefore denies same.

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

36

87.     Because of the obstruction and suppression of Callahan's findings and opinions by Defendants Felmon, Carper and Brueggemann, combined with the previous and continuing suppression of evidence by all Defendants, the Governor declined to make a determination on Steidl and Whitlock's request for clemency and their requests remain pending to this date.

**RESPONSE:**     This defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 87, and therefore denies same.

88.     On June 17,2003, the Federal District Court granted Steidl's petition for writ of habeas corpus, which had been filed on October 5,2001, vacating Steidl's conviction with a finding that "acquittal was reasonably probable if the jury had heard all of the evidence" and allowing the state 120 days to release or retry him.

**RESPONSE:**     This defendant admits the District Court's grant of Steidl's petition for writ of *habeus corpus*, but denies paragraph 88 accurately summarizes the court's reasons in granting this petition.

89.     Attorney General Lisa Madigan announced she would not appeal the order, stating that after carefully reviewing the evidence, her office found that infoll11ation favoring the defense was never disclosed, and that Steidl was thus entitled to a new trial.

**RESPONSE:**     This defendant admits the action alleged by Attorney General Lisa Madigan, but has insufficient knowledge to either admit or deny the remaining allegations contained in paragraph 89.

90.     In a last ditch effort to continue to hold Steidl in custody, Defendant McFatridge

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

made additional false public statements, including one to the Paris Beacon News, in which he attacked Attorney General Lisa Madigan for her decision not to appeal the District Court's decision, recited again the false evidence which he and his co-Defendants had manufactured and coerced, falsely denied that he and his co-Defendants suppressed exculpatory evidence and falsely claimed that Steidl was guilty of the brutal murders.

**RESPONSE:**          The defendant Edgar County denies the allegations contained in paragraph 90.


91.    Steidl was released from Danville Correctional Center on May 28, 2004, atter serving seventeen years in prison, twelve of them on Death Row, for two murders the Defendants knew be did not commit.

**RESPONSE:**          This defendant admits that Steidl was released from prison on the date alleged, but denies the remaining allegations contained in paragraph 91.


92.    Despite the fact that the Federal District Court had found that Steidl's trial would have probably resulted in acquittal and despite the fact that Whitlock was convicted on the very same basis, Whitlock was not released. Despite the fact that the Illinois Attorney General believed that information favoring Steidl's defense was never disclosed and that the same evidence was concealed from Whitlock, all efforts to release Whitlock were strenuously opposed by Defendants. Neither the Illinois Attorney General nor the Office of the State Appellate Prosecutor agreed to afford Whitlock the same treatment as Steidl. Whitlock was forced to continue in his imprisonment for a crime he did not commit.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

**RESPONSE:**        The defendant Edgar County denies the allegations contained in

paragraph 92.

93.    On June 11,2004, Whitlock filed a second amended petition for post-conviction

relief. Rather than concede that Whitlock was no more culpable than his co-defendant Steidl,

who the state refused to retry, the Office of the State Appellate Prosecutor, with the active

assistance of Defendants Eckerty and Marlow, vigorously opposed Whitlock's petition and

sought his continued incarceration. Defendant Marlow, who also became aware of the wealth of

exculpatory evidence, scoured the country trying to get witnesses to testify against Whitlock.

**RESPONSE:**        This defendant has insufficient knowledge to either admit or deny the

allegations contained in paragraph 93, and therefore denies same.

94.    The following was adduced at Whitlock's post-conviction hearing:

"    Defendant Ecke11y admitted he provided Herrington with alcohol "to help him relax"

before his Grand Jury testimony.

"    Gary Wheat, a Paris police officer, stated that he stayed with Herrington in Defendant

Parrish's cabin and provided Herrington with alcoholic beverages.

"    Defendant Eckerty stated that Henington made an "eavesdropping" telephone call to

Whitlock on September 25, 1986, from Parrish's cabin while drinking alcohol they provided.

"    Debra Helton, a forensic scientist with the ISP crime laboratory, submitted a stipulated

affidavit which stated that she began to screen items of evidence for human blood. Helton was

told that Herrington had a cut on his hand and she requested Henington's blood standard.

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

39

Defendants Panish, Eckerty and McFatridge failed and refused to forward Herrington's blood

standard to her for testing.

"        Dr. John Murphy, the State's pathologist testified that he had removed the sternum from

Dyke Rhoads body because he had found a "defect," a knife wound in the sternum. He

preserved the sternum in case anyone wished to examine it for tool marks (distinctive to a

particular knife blade). No such examination was ever done.

"        Dr. Murphy testified that either the Rienbolt knife or the knife found in the sink could

have been the murder weapon.

"        Donald Tankersky, an arson investigator for the State Fire Marshall, testified that the

lamp was in fact not broken until after the tire. The interior was

white and frec of soot. Ricnbolt had testified she saw broken, a piece in Steidl's hand at the time

of the murders

"        Whitlock presented Dr. Baden, a forensic pathologist, certified in all three of pathologies

sub-specialties. He had performed more than 20,000 forensic autopsies. He concluded to a

reasonable degree of medical certainty that the Rienbolt knife did not cause the fatal wound on

Dyke Rhoads .

"        Dr. Baden also concluded to a reasonable degree of medical certainty that the Rienbolt

knife could not have inflicted Karen Rhoads' wound, but that the sink knife could have done so.

**RESPONSE:**        This defendant denies that paragraph 94 accurately summarizes evidence

                        produced at Whitlock's post conviction hearing.


        95.        Despite the overwhelming evidence at the post-conviction hearing and despite

the fact that the state had decided its evidence was insufficient to retry Steidl, Defendant

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

Eckerty, along with Prosecutor David Rands, strenuously opposed Whitlock's petition, submitted the same fabricated, manipulated and false evidence it used to originally convict him and urged the court to deny the petition.

**RESPONSE:**    This defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 95, and therefore denies same.

96.    Due in part to 1) the continued reliance on the fabricated, manipulated, coerced and false testimony, on the withholding and suppression of exculpatory evidence, 2) the suppression of the Callahan report and refusal to permit the further investigation, 3) the continued efforts of Defendants to prevent investigation of other credible suspects including the Paris businessman and 4) continued efforts of Defendants not to admit their mistakes, the trial court denied Whitlock's post-conviction petition. Whitlock continued to be incarcerated in the penitentiary despite his innocence.

**RESPONSE:**    This defendant admits the trial court denied Whitlock's post conviction petition, but denies the remaining allegations contained in paragraph 96.

97.    Whitlock appealed the denial of his petition to the Illinois Appellate Court for the Fourth District. During 2006 and continuing into 2007, the Office of the State Appellate Prosecutor, aided by Defendant Marlow, continued in their attempts to manufacture evidence against Whitlock and defeat his appeal. Defendant Marlow continued to interview potential witnesses strongly suggesting stories to them. On one occasion, he visited Ovid Chambers in

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

Florida and screamed and forcefully told him that he knew Whitlock was with him in the Rhoads

house the night of the murders and that Chambers should so testify. Chambers denied such a

story and declined.

**RESPONSE:**          This defendant has insufficient knowledge to either admit or deny the

                       allegations contained in paragraph 97, and therefore denies same.


98.      Jennifer Aper, a scientist at the ISP crime lab, who has possession of items of

physical evidence recovered from the crime scene, was told not to perform mitochondrial DNA

tests. Without such tests, the tissue and blood samples cannot be compared to other credible

suspects, including those presently incarcerated in other institutions.

**RESPONSE:**          This defendant has insufficient knowledge to either admit or deny the

                       allegations contained in paragraph 98, and therefore denies same.


99.      On September 6,2007, the Illinois Appellate Court for the Fourth District issued

a 53-page opinion finding inter alia that the "State violated Brady by suppressing [evidence.]"

The Court held, "We find a reasonable probability that but for these errors, considered

cumulatively the verdict would have been different." (p.2) The Court reversed the judgment

and conviction and remanded the case back for a new trial.

**RESPONSE:**          This defendant admits the appellate court entered an order on September

                       6, 2007, but denies paragraph 99 accurately summarizes the reasons for

                       the court's ruling.


100. Despite the Appellate Court's decision, Defendants still objected to Whitlock's

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

release. Whitlock sought to be released on bond so that he could spend Christmas 2007 with his daughter and grandchild, but the state argued against it. Whitlock was finally released on January 8, 2008, when the state nolle prosequied the case.

**RESPONSE:**     This defendant admits Whitlock was released from prison on January 8, 2008, but denies the remaining allegations contained in paragraph 100.

101. Plaintiff realleges paragraphs 1 through 100.

**RESPONSE:**     The allegations in this paragraph are not alleged against Edgar County in Count XI.

102. Article 42 D.S.C. § 1983 provides, in pertinent part, as follows:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress .... "

**RESPONSE:**     The allegations in this paragraph are not alleged against Edgar County in Count XI.

103. Defendants Gene Ray, James PalTish, Jack Eckerty and Michael McFatridge, individually, jointly and in conspiracy with cach othcr and with certain other named and

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

43

unnamed private individuals and law enforcement agents, caused the wrongful charging, prosecution and conviction of Whitlock, and these same Defendants, together with Defendants Steven Felmon, Diane Carper, Andre Parker, Kenneth Kaupus, Charles Brueggemann and Jeff Marlow, individually, jointly and in conspiracy with each other and with celtain other named and unnamcd private individuals and law enforcement agents, caused the continuation of said wrongful conviction, by a) coercing, intimidating, constructing and/or fabricating the false and totally unreliable statements, testimony and other evidence which formed the basis for Whitlock's charging, prosecution and conviction; b) withholding and concealing from Whitlock's defense attomeys, and the judges, juries, post-trial prosecutors and the Govemor and his staff, who were involved in Whitlock's criminal proceedings, the highly exculpatory and exonerating evidence that these statements, testimony and other evidence were false, totally unreliable, fabricated, manipulated, suggested and coerced; c) suppressing from these same persons additional highly exculpatory and exonerating evidence and documents which further exonerated Steidl and Whitlock and his co-defendant, including evidence of other more likely suspects; d) writing false reports and giving and tendering false testimony and statements at the Grand Jury, at trial and at post-conviction and habeas corpus proceedings; c) improperly influencing the judges, juries and executive bodies and officials hearing and considering Whitlock's case, and the post-trial prosecutors who continued his prosecution, inter alia, by making false public statements and f) obstructing investigations which would have led to discovery of further exculpatory evidence, and by the additional wrongdoing set forth above, thereby unconstitutionally depriving Whitlock of his liability, violating his right to a fair and impartial trial and violating his rights to due process, all as guaranteed by the Fourteenth Amendment to the United States Constitution.

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

44

**RESPONSE:**          The allegations in this paragraph are not alleged against Edgar County in Count XI.

104. The actions of Defendants Gene Ray, James Parrish, Jack Eckerty, Michael McFatridge, Steven Fenllon, Diane Carper, Andre Parker, Kenneth Kaupus, Charles Brueggemann and Jeff Marlow in depriving Whitlock of his liability, his right to a fair trial and his right to due process were a direct and proximate cause of the injuries to Whitlock which are set forth above.

**RESPONSE:**          The allegations in this paragraph are not alleged against Edgar County in Count XI.

105.    Plaintiff realleges paragraphs I through 100.

**RESPONSE:**          The allegations in this paragraph are not alleged against Edgar County in Count XI.

106. The actions of Defendants Gene Ray, James Parrish, Jack Eckerty and Michael McFatridge, individually, jointly and in conspiracy with each other and with certain other named and unnamed private individuals and law enforcement agents acting under color of state law wrongfully arresting, imprisoning, prosecuting and causing the conviction and sentencing of Whitlock, amounted to malicious prosecution in violation of rights decreed to Whitlock by the Fourth, Fifth and Fourteenth Amendments of the Constitution. Defendants Steven Fermon, Diane Carper, Charles Brueggemann, Andre Parker, Kenneth Kaupus and Jeff Marlow,

HEYL ROYSTER
VOELKER
& ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

individually, jointly and in conspiracy with each other and with certain other named and

unnamed private individuals and law enforcement agents acting under color of state law, caused

the continued incarceration of Whitlock through all of the post-conviction proceedings and

continuing for twenty-one years, without probable cause, egregiously depriving him of his liberty

without due process, and violated Plaintiffs Fourth, Fifth and FOUl1eenth Amendment rights.

**RESPONSE:**          The allegations in this paragraph are not alleged against Edgar County in

Count XI.


107. Article 42 U.S.C. § 1983 provides, in pertinent part, as follows:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any

State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of

the United States or other person within the jurisdiction thereof to the deprivation of any rights,

privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured

in an action at law, suit in equity, or other proper proceeding for redress .... "

**RESPONSE:**          The allegations in this paragraph are not alleged against Edgar County in

Count XI.


108. Defendants Ray, Parrish, Eckel1y and McFatridge initiated the criminal

proceedings with the aid and assistance of Defendant Rienbolt, Herrington and others. The

criminal proceedings were ultimately resolved in Whitlock's favor, resulting in his release on

January 8, 2008. As set forth aforesaid, the initiation of the criminal proceeding was malicious

and without probable cause and, as a consequence, Whitlock suffered a deprivation of his

liberty.

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

**RESPONSE:**      The allegations in this paragraph are not alleged against Edgar County in Count XI.

109. The actions of the Defendants as aforesaid were so egregious that they violated Whitlock's rights to due process and subjected Whitlock to the deprivation of his rights, privileges and immunities secured by the United States Constitution and laws and were the direct and proximate cause of Whitlock's injuries and damages.

**RESPONSE:**      The allegations in this paragraph are not alleged against Edgar County in Count XI.

110. Plaintiff realleges paragraphs 1 through 100.

**RESPONSE:**      The allegations in this paragraph are not alleged against Edgar County in Count XI.

111. Defendants Gene Ray, James Parrish, Jack Eckerty and Michael McFatridge, individually, jointly and in conspiracy with each other and with certain other named and unnamed private individuals and law enforcement agents, caused the wrongful charging, false arrest, wrongful prosecution and conviction of Whitlock.

**RESPONSE:**      The allegations in this paragraph are not alleged against Edgar County in Count XI.

112. These same Defendants, together with Defendants Steven Fermon, Diane Carper,

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

47

Andre Parker, Kenneth Kaupus, Charles Brueggemann and Jeff Marlow, individually, jointly and in conspiracy with each other and with certain other named and unnamed private individuals and law enforcement agents, caused the continuation of Whitlock's wrongful conviction and caused him to be continually and falsely imprisoned, by a) coercing, intimidating, constructing and/or fabricating the false statements, testimony and other evidence; b) withholding and concealing from Whitlock and his defense attorneys, from the judges, juries, post-trial prosecutors and from the Governor and his staff, all of who were involved in Whitlock's post-conviction proceedings, the highly exculpatory and exonerating evidence that these statements, testimony and other evidence were false, totally unreliable, fabricated, manipulated, suggested and coerced; c) suppressing from these same persons additional highly exculpatory and exonerating evidence and documents which further exonerated Steidl and Whitlock and his co-defendant, including evidence of other more likely suspects; d) writing false reports and giving and tendering false testimony and statements at the Grand Jury, at trial and at post-conviction and habeas corpus proceedings; e) improperly influencing the judges, jUlies and executive bodies and officials hearing and considering Whitlock's case, and the post-tJial prosecutors who continued his prosecution, inter alia, by making false public statements; f) obstructing investigations which would have led to discovery of further exculpatory evidence and g) the additional wrongdoing set forth above, thereby unconstitutionally depriving Whitlock of his liberty, causing him to be falsely imprisoned and violating his rights to due process, all as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

**RESPONSE:**        The allegations in this paragraph are not alleged against Edgar County in

Count XI.

**HEYL ROYSTER**
**VOELKER**
**&ALLEN**

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

113. The actions of Defendants Gene Ray, James Parrish, Jack Eckerty, Michael McFatridge, Steven Fermon, Diane Carper, Andre Parker, Kenneth Kaupus, Charles Brueggemann and Jeff Marlow in depriving Whitlock of his liberty, his right not to be falsely imprisoned and his right to due process were a direct and proximate cause of the injuries to Whitlock which are set forth above.

**RESPONSE:** The allegations in this paragraph are not alleged against Edgar County in Count XI.

114. Plaintiff realleges paragraphs 1 through 100.

**RESPONSE:** The allegations in this paragraph are not alleged against Edgar County in Count XI.

115. The actions of Defendants Gene Ray, James Parrish, Michael McFatridge and Jack Eckerty as alleged above, were done pursuant to one or more intelTelated de/acto policies, practices and/or customs of the Defendant City of Paris, its Police Department and Police Chiefs, together with the Edgar County State's Attorney and its States Attorney's Office, which was acting pursuant to, find as an agent of, the city of Paris.

**RESPONSE:** The allegations in this paragraph are not alleged against Edgar County in Count XI.

116. At all times material to this complaint, Defendant City of Paris and its Police Department, Police Chiefs, together with the Edgar County State's Attorney and its States Attorney's Office, which was acting as an agent of the City of Paris and pursuant to its policies

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

49

and practices, had interrelated de facto policies, practices and customs, which included, inter alia:

a.     conducting physically, psychologically or otherwise illegally or improperly coercive and intimidating intcrrogations of witnesses, suspects and arrestees in order to obtain false statements, testimony and other false inculpatory evidence, and wrongful arrests, prosecutions and convictions;

b.     filing false reports and giving false statements and testimony about said intelTogations and evidence, and fabricating parts or all of said evidence; suppressing evidence concerning said interrogations, confessions and evidence; pursuing and obtaining wrongful prosecutions and false imprisonments on the basis of confessions and evidence obtained during said interrogations; and otherwise covering up the true nature of said interrogations, confessions and evidence;

c.     failing to properly train, supervise, discipline, transfer, monitor, counsel and/or otherwise control police officers, patiicularly those who are repeatedly accused of coercion and related physical and other abuse of suspects, witnesses and other citizens; of false arrests, wrongful imprisonments, malicious prosecutions and wrongful convictions; of making false reports and statements; and/or of physically, psychologically or otherwise illegally or improperly coercive questioning or interrogation of witnesses, suspects, anoestees and other citizens, including, but not limited to, persons who were physically and/or psychologically abused during questioning;

d.     the police code of silence, specifically in cases where officers engaged in the violations atiiculated in paragraphs a, band c above, whereby police officers refused to report or otherwise covered up instances of police misconduct and/or the fabrication, suppression and

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

destmction of evidence of which they were aware, despite thcir obligation under the law and

police regulations to report such violations. Said code of silence also includes police officers

either remaining silent or giving false and misleading information dming official investigations in

order to protect themselves or fellow officers from internal discipline, civil liability or criminal

charges, and perjuring themselves in criminal cases where they and their fellow officers have

coercively or otherwise unconstitutionally interrogated a suspect, arrestee or witness, or falsely

alTested, imprisoned and prosecuted a criminal defendant; and

     e.    the practice of covering-up wrongdoing by members of the police force

and prosccutors, the suppressing and withholding cxoncrating, exculpatory and/or other

evidence favorable to climinal defendants which were not turned over to the prosecuting

attorneys and/or defense lawyers.

**RESPONSE:**     The allegations in this paragraph are not alleged against Edgar County in

           Count XI.

     117. The patterns and practices set fOlih above were well known both before and after

Plaintiff was wrongfully arrested, charged, imprisoned and convicted, including by the

commanding and supervisory Defendants named herein, who participated in the cover-up and

suppression of evidence and the wrongful prosecution and conviction of the Plaintiff, his

codefendant and other victims, inter alia, in the manner set forth in this complaint.

**RESPONSE:**     The allegations in this paragraph are not alleged against Edgar County in

           Count XI.

     118. Said interrelated policies, practices and customs, as set f011h above, both

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

individually and together, were maintained and implemented with deliberate indifference, encouraged, inter alia, the coercing of false statements and testimony from suspects, witnesses and arrestees, by abusive tactics and techniques; the fabrication, manipulation and alteration of witness statements, testimony, and other false evidence; the suppression of evidence of abuse and other exculpatory evidence; the intimidation of witnesses; the making of false statements and reports; the giving of false testimony and the pursuit and continuation of frame-ups and other wrongful convictions and false arrests and imprisonments of innocent persons, and were, separately and together, a direct and proximate cause of the unconstitutional acts and perjury committed by the named Defendants and their co-conspirators and the injuries suffered by the Plaintiff.

**RESPONSE:**        The allegations in this paragraph are not alleged against Edgar County in

                    Count XI.

119. The involvement in, and ratification of, the unconstitutional actions set forth above by Defendant Paris Police Chief Gene Ray, who was acting as a final policymaker for the city of Paris in police matters, including, but not limited to, police interrogations and investigations, also establishes that said Constitutional violations were directly and proximately caused by Defendant City of Paris.

**RESPONSE:**        The allegations in this paragraph are not alleged against Edgar County in

                    Count XI.

120. Plaintiff realleges paragraphs 1 through 100.

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

**RESPONSE:**          The allegations in this paragraph are not alleged against Edgar County in

Count XI.

121. The imprisonment of Plaintiff, without probable cause, by Defendants Ray,

Parrish, Eckerty and McFatridge, individually, jointly and in conspiracy with each other and with

certain other named and unnamed private individuals and law enforcement agents; and its

continuation by these Defendants, together with Defendants Fermon, Carper, Parker, Kaupus,

Brueggemann and Marlow, individually, jointly and in conspiracy with each other and with

certain other named and unnamed private individuals and law enforcement agents, constituted

the tort of false arrest and imprisonment under Illinois law.

**RESPONSE:**          The allegations in this paragraph are not alleged against Edgar County in

Count XI.

122. Defendants' actions in arresting and imprisoning Plaintiff were willful and

wanton.

**RESPONSE:**          The allegations in this paragraph are not alleged against Edgar County in

Count XI.

123. Plaintiff realleges paragraphs 1 through 100 and 105 through 109.

**RESPONSE:**          The allegations in this paragraph are not alleged against Edgar County in

Count XI.

124. Defendants Gene Ray, James Parrish, Jack Eckerty and Michael McFatridge,

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

individually, jointly and in conspiracy with each other and with certain other named and unnamed private individuals and law enforcement agents, initiated a malicious prosecution without probable cause against Plaintiff, and these same Defendants, together with Defendants Steven Fermon, Diane Carper, Andre Parker, Kenneth Kaupus, Charles Brueggemann and Jeff Marlow, individually, jointly and in conspiracy with each other and with ce11ain other named and unnamed private individuals and law enforcement agents, continued said prosecution, again without probable cause. Said prosecution was ultimately terminated in Plaintiffs favor. The Defendants' actions were done in a willful and wanton manner and directly and proximately caused the injury and damage to Plaintiff as set forth above.

**RESPONSE:**    The allegations in this paragraph are not alleged against Edgar County in Count XI.

125. Plaintiff realleges paragraphs 1 through 100.

**RESPONSE:**    The allegations in this paragraph are not alleged against Edgar County in Count XI.

126. Defendants Gene Ray, James Parrish, Jack Eckerty, Gene Ray and Michael McFatridge, individually, jointly and in conspiracy, with each other and with Defendant Rienbolt and certain other named and unnamed private individuals and law enforcement agents, engaged in extreme and outrageous conduct by, inter alia, constructing, coercing, intimidating, manipulating, fabricating, suggesting and altering the evidence against Plaintiff: by knowingly providing false testimony, by procuring Whitlock's prosecution, conviction and imprisonment

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

54

for heinous crimes he did not commit, and by making false and defamatory public statements by falsely repudiating recantations and by concealing exculpatory evidence. Additionally, these same Defendants, together with Defendants Steven Fermon, Diane Carper, Andre Parker, Kenneth Kaupus, Charles Brueggemann and Jeff Marlow, individually, jointly and in conspiracy with each other and with certain other named and unnamed private individuals and law enforcement agents, engaged in additional extreme and outrageous conduct by suppressing additional exculpatory evidence, by continuing Plaintiffs wrongful conviction and false imprisonment, by refusing to properly investigate, and by otherwise abusing Plaintiff.

**RESPONSE:**        The allegations in this paragraph are not alleged against Edgar County in Count XI.

127. Defendants Gene Ray, James Parrish, Jack Eckerty, Michael McFatridge, Deborah Rienbolt Steven Fermon, Diane Carper, Andre Parker, Kenneth Kaupus, Charles Brueggemann and Jeff Marlow intended, by subjecting Plaintiff to such humiliating, degrading conduct, to inflict severe emotional distress on Plaintiff, and knew that their conduct would cause Plaintiff and his family severe emotional distress.

**RESPONSE:**        The allegations in this paragraph are not alleged against Edgar County in Count XI.

128. As a direct and proximate result of Defendants' outrageous conduct, Plaintiff was injured and has experienced, and continues to experience, severe emotional distress, including fear of execution, nightmares, sleep disruption, symptoms of post traumatic stress disorder, anxiety, depression and difficulty in focusing or concentrating.

**HEYLROYSTER**
**VOELKER**
**&ALLEN**

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

55

**RESPONSE:**          The allegations in this paragraph are not alleged against Edgar County in Count XI.

129. Plaintiff realleges paragraphs 1 through 100.

**RESPONSE:**          The allegations in this paragraph are not alleged against Edgar County in Count XI.

130. Defendants Gene Ray, James PatTish, Jack Eckerty, Michael McFatridge, Deborah Rienbolt, Steven Fennon, Diane Carper, Andre Parker, Kenneth Kaupus, Charles Brueggemann and Jeff Marlow, with other unsued co-conspirators and other police and prosecutorial investigative, supervisory and command personnel, together reached an understanding, engaged in a course of conduct and otherwise jointly acted and/or conspired

**RESPONSE:**          The allegations in this paragraph are not alleged against Edgar County in Count XI.

131. In furtherance of this conspiracy or conspiracies, the Defendants named above, together with their unsued co-conspirators, committed the ovett acts set forth in the Facts above.

**RESPONSE:**          The allegations in this paragraph are not alleged against Edgar County in Count XI.

132. Said conspirac(ies) and overt acts were and are continuing in nature and were and are a proximate cause of Plaintiff's tortuous injuries under state law, as set forth above.

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

**RESPONSE:**          The allegations in this paragraph are not alleged against Edgar County in Count XI.

133. Defendants' and their co-conspirators' overt acts, as set forth above; which were committed jointly and/or while conspiring together to falsely imprison, maliciously prosecute, and intentionally inflict emotional distress on the Plaintiff, constitute the tort of conspiracy as set forth above.

**RESPONSE:**           The allegations in this paragraph are not alleged against Edgar County in Count XI.

134. Plaintiff realleges paragraphs 1 through 100.

**RESPONSE:**          The allegations in this paragraph are not alleged against Edgar County in Count XI.

135. Defendants Gene Ray and James Parrish were, at all times material to this complaint, employees of the Defendant City of Paris, were acting within the scope of their employment and their acts which violated state law are directly chargeable to the Defendant City of Paris under state law pursuant to respondeat superior.

**RESPONSE:**          The allegations in this paragraph are not alleged against Edgar County in Count XI.

HEYL ROYSTER
VOELKER
& ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

136. Plaintiff realleges paragraphs 1 through 100.

**RESPONSE:**          The allegations in this paragraph are not alleged against Edgar County in

Count XI.

137. Defendant City of Paris was the employer of Defendants Gene Ray and James

Parrish at all times relevant and material to this complaint.

**RESPONSE:**          The allegations in this paragraph are not alleged against Edgar County in

Count XI.

138. These Defendants committed the acts alleged above under color of law and in the

scope of their employment as employees of the City of Paris.

**RESPONSE:**          The allegations in this paragraph are not alleged against Edgar County in

Count XI.

## COUNT XI

### (Edgar County and its State's Attorneys' Office)

139. Plaintiff realleges paragraphs 1 through 100.

**RESPONSE:**          The allegations in this paragraph are not alleged against Edgar County in

Count XI.

140. Defendant Edgar County and its State's Attorneys' Office was the employer of

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

Defendant McFatridge, who was acting in the scope of his employment as an employee of Edgar County and its State's Attorneys' Office and who committed the wrongful acts complained of herein within the course and scope of his employment, and said County is therefore responsible for any judgment entered against Defendant McFatridge and is therefore a necessary party hereto.

**RESPONSE:**         The defendant Edgar County denies the allegations contained in paragraph 140.

WHEREFORE, the defendant, Edgar County and its State's Attorney's Office, asks the court to enter judgment in its favor and against the plaintiff, Herbert Whitlock, and for its costs of suit.

THIS DEFENDANT DEMANDS A TRIAL BY JURY.

## FIRST AFFIRMATIVE DEFENSE

Defendant Michael McFatridge was at all relevant times acting in his capacity as prosecutor for Edgar County, thus entitling him to absolute prosecutorial immunity.

HeylRoyster
Voelker &Allen

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

## SECOND AFFIRMATIVE DEFENSE

Defendant Michael McFatridge did not violate any clearly established constitutional

rights of which a reasonable person would have known, thus entitling him to qualified immunity.

## THIRD AFFIRMATIVE DEFENSE

With regard to the plaintiff's claims asserted under state law, the defendants Michael

McFatridge and Edgar County are immune from liability for the conduct alleged in the plaintiff's

complaint based upon the provisions of the Illinois Tort Immunity Act.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff'S claims against defendant Edgar County are barred, in whole or in part, by the

applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

The complaint of the plaintiff insofar as it alleges a claim for malicious prosecution is

barred because probable cause existed for the arrest of Herbert Whitlock.


s/ Michael E. Raub
Attorney for Defendant, Edgar County
IL ARDC #: 2290197
Heyl, Royster, Voelker & Allen
102 E. Main Street, Suite 300
P.O. Box 129
Urbana, IL 61803-0129
217-344-0060 Phone
217-344-9295 Fax
E-mail: mraub@hrva.com

**HEYLROYSTER**
**VOELKER**
**&ALLEN**

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 28, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Ronald H. Balson
Ms. Carrie A. Hall
Michael Best & Friedrich LLP
Two Prudential Plaza, Suite 2000
180 North Stetson Avenue
Chicago, IL  60601-6710

Mr. James Sotos
Mr. Terry A. Ekl
Ms. Elizabeth A. Ekl
Ms. Sara M. Cliffe
James G. Sotos & Associates
550 East Devon Avenue, Suite 150
Itasca, IL  60143

Mr. Vincent C. Mancini
Ekl Williams PLLC
Two Arboretum Lakes, Suite 175
901 Warrenville Road
Lisle, IL  60532

Ms. Carrie Hall
Mr. Ronald H. Balson
Michael Best & Friedrich LLC
Two Prudential Plaza, Suite 2000
180 N. Stetson Avenue
Chicago, IL  60601

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Ms. Deborah Rienbolt
2116 E. Keys Ave.
Springfield, IL 62702

Mr. Richard S. Kling
Ms. Susana Ortiz
Law Offices of Richard Kling
565 W. Adams St., 6th Floor
Chicago, IL 60661-3691

s/ Michael E. Raub
Attorney for Defendant, Edgar County
IL ARDC #: 2290197
Heyl, Royster, Voelker & Allen
102 E. Main Street, Suite 300
P.O. Box 129
Urbana, IL 61803-0129
217-344-0060 Phone
217-344-9295 Fax
E-mail: mraub@hrva.com

**HEYLROYSTER**
**VOELKER**
**&ALLEN**

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060