IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| HERBERT WHITLOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 CV 2055 |
| v. | ) | Honorable Harold A. Baker |
| | ) | Judge Presiding |
| CITY OF PARIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CURRENT ILLINOIS STATE POLICE OFFICIALS' MOTION TO DISMISS COUNTS V, VI, VII, AND VIII OF THE COMPLAINT**

Defendants, Charles Brueggemann, Diane Carper, Steven Fermon, Andre Parker, Kenneth Kaupus, and Jeff Marlow (collectively "Current ISP Officials"), by their counsel, Iain D. Johnston of Johnston Greene LLC, Special Assistant Attorney General, respectfully submit this motion to dismiss Counts V, VI, VII, and VIII of the Plaintiff, Herbert Whitlock's ("Plaintiff" or "Whitlock") Complaint. In support of this motion, the Current ISP Officials state the following:

1. This Court should dismiss the state law claims (Counts V, VI, VII, and VIII) asserted by Whitlock against defendants Steven Fermon, Diane Carper, Charles Brueggemann, Andre Parker, Kenneth Kaupus, and Jeff Marlow, who at all times relevant to this case were Illinois State Police ("ISP") employees (and are collectively referred to herein as "the Current ISP Officials") because this Court lacks subject matter jurisdiction due to the doctrine of sovereign immunity.

2. Whitlock's claims are, in effect, claims against the State of Illinois, and as such are within the exclusive jurisdiction of the Illinois Court of Claims.

1

3.  Whitlock's state law claims all assert torts, which the Current ISP Officials allegedly committed through conduct arising directly from their responsibilities as employees of the State.

4.  Whitlock never alleges, nor is he able to allege, that any of the Current ISP Officials:

- acted outside the scope of their authority;
- had any relationship with him or owed any special duty to him beyond that which was created by their employment status with the ISP;
- took any actions outside of their normal job functions.

5.  Because Whitlock has essentially sued the State of Illinois through the Current ISP Officials, the doctrine of sovereign immunity requires that this Court dismiss Counts V, VI, VII, and VIII as to the Current ISP Officials.

Wherefore, the Current ISP Officials respectfully request that this Court dismiss Counts V, VI, VII, and VIII of the Complaint against the Current ISP Officials for lack of subject matter jurisdiction, and direct Whitlock to pursue his state law tort allegations in the Court of Claims, the exclusive court of jurisdiction for such actions against the state.

Dated: June 27, 2008

Respectfully submitted,
Current ISP Officials

By: s/ Iain D. Johnston
One of Their Attorneys
Iain D. Johnston
Bar Number: 6204667
Attorney for Defendants
Brueggemann, Fermon,
Carper, Parker and Kaupus
Johnston Greene LLC
542 South Dearborn St., Suite 1310
Chicago, Illinois 60605
Phone: (312) 341-9720
Facsimile: (312) 341-0700
ijohnston@johnstongreene.com