IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| HERBERT WHITLOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08 CV 2055 |
| ) | Honorable Harold A. Baker |
| CITY OF PARIS, et al., ) | Judge Presiding |
| ) | |
| Defendants. ) | |

**CURRENT ILLINOIS STATE POLICE OFFICIALS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS FOR COUNTS II AND III OF THE COMPLAINT**

Defendants Charles Brueggemann, Diane Carper, Steven Fermon, Andre Parker, Kenneth Kaupas, and Jeff Marlow (collectively, "Current ISP Officials"), submit this memorandum of law in support of their motion for judgment on the pleadings against Plaintiff Herbert Whitlock ("Whitlock") on Counts II and III of his Complaint.

**I. Introduction**

The Court should enter judgment in favor of the Current ISP Officials on Whitlock's malicious prosecution claim (Count II) because the Seventh Circuit has specifically held that there is no constitutional tort of malicious prosecution; rather, plaintiffs such as Whitlock must avail themselves of state tort law. And even if this Court were to find a federal claim based upon malicious prosecution, the Current ISP Officials would be entitled to qualified immunity as no such claim exists under current Seventh Circuit case law.

The Court should also enter judgment in favor of the Current ISP Officials as to the federal false imprisonment claim (Count III) because no such claim exists. Further,

1

the Current ISP Officials are entitled to qualified immunity because no clearly established constitutional right is implicated. Alternatively, this claim is time barred.

## II. Allegations of the Complaint

Although the Current ISP Officials dispute many of the operative allegations in the Complaint, for purposes of this motion, the Court may accept as true the following material allegations. The Complaint spans a period of twenty-one years, and stems from the double homicide of Dyke and Karen Rhoads on July 6, 1986 in Paris, Illinois. (Compl. ¶ 1.) Whitlock was found guilty of the murder of Karen Rhoads and sentenced to life in prison. (Compl. ¶¶ 43-49.) In 2007, Whitlock prevailed on a second amended petition for post-conviction relief, when the Illinois Appellate Court reversed his conviction and remanded his case back for a new trial. (Compl. ¶¶ 93, 99.) Whitlock's case was *nolle prosequied* in January 2008. (Compl. ¶ 100.)

Whitlock's claims against the Current ISP Officials relate to actions taken from April 2000 onward, when the Illinois State Police ("ISP") undertook an investigation of Whitlock's conviction. (Compl. ¶¶ 69-71.) Whitlock alleges that during the course of this investigation, the Current ISP Officials became aware of exculpatory evidence and failed to disclose such evidence to him or his attorneys. (Compl. ¶¶ 71-74.) Whitlock further alleges that the Current ISP Officials suppressed the ISP's investigation, thereby limiting the development of further exculpatory evidence, prolonging his incarceration, and interfering with his petition for clemency. (Compl. ¶¶ 76- 80, 85 – 87.)

Whitlock asserts three separate federal law claims against the Current ISP Officials pursuant to 42 U.S.C. § 1983, including a claim for malicious prosecution (Count II) and a claim for false imprisonment (Count III). (Compl. ¶¶ 105-113.)

**III.    Standard of Review**

To survive a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), Whitlock must meet the same standards that apply to a motion for failure to state a claim under Rule 12(b)(6). *Republic Steel Corp. v. Penn. Eng.'g Corp.,* 785 F.2d 174, 182-83 (7th Cir. 1986). Although this Court may accept all well-pleaded facts as true, Whitlock can plead himself out of court by asserting facts that undermine his claims. *Holman v. Indiana,* 211 F.3d 399, 406 (7th Cir. 2000).

**IV.    The Current ISP Officials Are Entitled to Judgment on Whitlock's Federal Malicious Prosecution Claim (Count II) Because No Such Claim Exists in the Seventh Circuit, and Even If Such Claim Existed, They Would Be Entitled to Qualified Immunity.**

Whitlock alleges in Count II that the Current ISP Officials violated his right to be free from malicious prosecution by continuing his incarceration through post-conviction proceedings without probable cause, thereby violating the Fourth, Fifth and Fourteenth Amendments, which is actionable under 42 U.S.C. § 1983 ("Section 1983"). (Compl. ¶ 105.) Count II must be dismissed because the Seventh Circuit does not recognize *any* constitutional tort of malicious prosecution. And even if this Court were to find such a constitutional claim, the Current ISP Officials would be entitled to qualified immunity because such a right is not clearly established.

   **A. No Federal Malicious Prosecution Claim Exists in the Seventh Circuit.**

The Seventh Circuit's decision in *Newsome v. McCabe*, 256 F.3d 747 (7th Cir. 2001), dooms Whitlock's federal malicious prosecution claim. In *Newsome*, the Seventh Circuit specifically stated *three* times that the existence of a state-law malicious prosecution claim eliminates *any* support for a federal, constitutional malicious prosecution claim, like the one Whitlock alleges. *Newsome*, 256 F.3d at 750 ("the

existence of a tort claim under state law knocks out any constitutional theory of malicious prosecution"); *id.* at 751 ("satisfying the state-law tort of malicious prosecution … *knocks out* any constitutional tort of malicious prosecution" (emphasis in the original); *id.* ("Where does this leave Newsome? Certainly not with a constitutional claim founded on malicious prosecution."). Accordingly, regardless of the constitutional amendment upon which Whitlock attempts to found his federal malicious prosecution claim (whether it be the Fourth, Fifth or Fourteenth), the claim fails.

In *Newsome*, the plaintiff alleged that Chicago police officers encouraged witnesses to select the plaintiff from a lineup, which resulted in the plaintiff's prosecution, and then withheld from the prosecutors information about their coaching of the witnesses and the witnesses selection of other people as the perpetrator of the crime. *Newsome*, 256 F.3d at 749. Like Whitlock, the plaintiff in *Newsome* was convicted but eventually succeeded in a post-conviction hearing. *Id.* at 749. Again, like the allegations here, the prosecutor declined to re-try the plaintiff, and the plaintiff sued the officers for their alleged misconduct. *Id.* Specifically, the plaintiff's complaint alleged a federal, constitutional malicious prosecution claim. The officers moved for summary judgment on the grounds of qualified immunity, which was denied. *Id.* at 749.

On interlocutory appeal, the Seventh Circuit addressed whether "there is a constitutional tort called 'malicious prosecution'". As noted above, the Seventh Circuit found no such claim. In doing so, the Seventh Circuit relied upon the Supreme Court's decision in *Albright v. Oliver*, 510 U.S. 266 (1994). In *Albright*, the Court was required to determine whether there was a constitutional right not to be prosecuted without probable cause, which was analyzed under principles of malicious prosecution. The Supreme

Court's reasoning for the judgment was fractured along several rationales, with Justices Thomas and Kennedy relying upon *Parratt v. Taylor*, 451 U.S. 527 (1981). *Albright*, 510 U.S. at 281-86. In *Parratt*, the Supreme Court held that the existence of state court remedies provides all the process that is due to redress unauthorized actions of public officials. 451 U.S. at 535-44. As a consequence, according to the Seventh Circuit, the Supreme Court's decision in *Albright* requires a finding that no constitutional malicious prosecution claim exists if the State provides an adequate state court remedy, such as a common law claim for malicious prosecution. *Newsome*, 256 F.3d at 751. And because Illinois allows a cause of action for malicious prosecution, *see Mut. Med. Plans, Inc. v. County of Peoria*, 309 F. Supp. 2d 1067, 1078 (C.D. Ill. 2004), no federal claim exists.

Following its categorical denial of *any* constitutional basis for a federal malicious prosecution claim, the *Newsome* Court went on to specifically find that no such claim could be based upon either the Fourth Amendment or the Fourteenth Amendment:

> Claims of malicious prosecution should be analyzed not under the substantive due process approach . . . but under the language of the Constitution itself and, if state law withholds a remedy, under the approach of *Parratt* adopted by Justices Kennedy and Thomas in *Albright*. Relabeling a fourth amendment claim as "malicious prosecution" would not extend the statute of limitations . . . and if a plaintiff can establish a violation of the fourth (or any other) amendment there is nothing but confusion to be gained by calling the theory "malicious prosecution."

*Newsome*, 256 F.3d at 751.

The Seventh Circuit reiterated and built upon its *Newsome* holding in *McCann v. Mangialardi*, 337 F.3d 782, 786 (7th Cir. 2003), where the Seventh Circuit again rejected a plaintiff's federal, constitutional malicious prosecution claim based upon either the Fourth or Fourteenth Amendment. In *McCann*, the plaintiff alleged that the defendants manufactured evidence against him to have him prosecuted, convicted and imprisoned.

*Id.* Following *Newsome*, the *McCann* Court found that the ability of the plaintiff to bring a state-law, malicious prosecution claim barred *any* federal malicious prosecution claim:

> "[A]ny claim [the plaintiff] had against [the defendant] for malicious prosecution should have been brought under Illinois law. In sum, [the plaintiff] cannot do an end run around [*Newsome*] by combining what are essentially claims for false arrest under the Fourth Amendment and state law malicious prosecution into a sort of hybrid substantive due process claim under the Fourteenth Amendment."

*McCann*, 337 F.3d at 786 (internal citations omitted).

In light of *Newsome* and *McCann*, Whitlock's malicious prosecution claim fails. No federal malicious prosecution claim exists because Illinois provides for a cause of action for malicious prosecution. *See Mut. Med. Plans, Inc.* 309 F. Supp. 2d at 1078.[1] These holdings are even more powerful for the Current ISP Officials, who admittedly had no involvement in the investigation of Whitlock or his prosecution.

Apparently not to be deterred by *Newsome*'s holding that *no* constitutional support exists, Whitlock throws one more constitutional amendment out to support a federal malicious prosecution claim: the Fifth Amendment. But the Fifth Amendment is completely inapplicable in this case, particularly as to the allegations against the Current ISP Officials. The first step in any Section 1983 claim is to identify the specific constitutional right allegedly infringed. *Albright,* 510 U.S. at 271. The attempt to ground his malicious prosecution claim on the Fifth Amendment fails not only because Whitlock

---

[1] The Current ISP Officials have filed a separate motion pursuant to Rule 12(b)(1) to dismiss Whitlock's state-law count for lack of subject matter jurisdiction as sovereign immunity establishes that the Illinois Court of Claims has exclusive jurisdiction. The Rule 12(b)(1) motion does not address the merits of Whitlock's state-law malicious prosecution claim; it only establishes that the sole court possessing jurisdiction to hear that claim is the Illinois Court of Claims. The ability to file a claim in the Illinois Court of Claims is a sufficient state-law remedy under the *Parratt* doctrine. *Koger v. Snyder*, 252 F. Supp. 2d 723, 727 (C.D. Ill. 2003); *Neptune Fireworks v. Ahern*, 1995 U.S. Dist. LEXIS 6788, *18-21 (N.D. Ill. 1995).

still has a state-law malicious prosecution claim but also because the Fifth Amendment is not implicated under these allegations.

Indeed, Whitlock's reference to the Fifth Amendment is puzzling. The Fifth Amendment's due process clause applies only to the federal government. *See Massey v. Wheeler,* 221 F.3d 1030, 1036, n.1 (7th Cir. 2000) (noting the Fourteenth Amendment creates a due process right against the states while "the Fifth Amendment guarantees due process by the federal government"); *see also Anast v. Commonwealth Apartments,* 956 F.Supp. 792, 797 (N.D.Ill. 1997) ("the Fifth Amendment due process clause applies only to action taken by the federal government").  And no other provision of the Fifth Amendment is even remotely implicated by Whitlock's allegations. The indictment, double jeopardy, self incrimination or takings provisions of the Fifth Amendment are not at issue, nor could they be, particularly against the Current ISP Officials.  Again, they were not involved in any way in Whitlock's prosecution and thus were not involved in his indictment and certainly did not force Whitlock to incriminate himself.  Nor was Whitlock placed in double jeopardy by the Current ISP Officials.  And obviously, the eminent domain provision of the Fifth Amendment is not implicated.

There is no explicit Constitutional language supporting a claim of malicious prosecution under the Fourth, Fifth or Fourteenth Amendments.  Whitlock has asserted a state-law claim for malicious prosecution in Count VI.  (Compl. ¶¶ 123-124.) Consequently, the Current ISP Officials are entitled to judgment on Whitlock's federal malicious prosecution claim because his state-law claim provides an adequate remedy.

### B. Even If This Court Were to Find a Federal Malicious Prosecution Claim, the Current ISP Officials Would Be Entitled to Qualified Immunity.

Even if this Court were to determine, in spite of the Seventh Circuit's explicit holding in *Newsome* and its progeny, that a federal malicious prosecution claim did exist, the Current ISP Officials would nonetheless be entitled to judgment on the pleadings on the basis of qualified immunity.

Determining whether the Current ISP Officials are entitled to qualified immunity is a two-step process. This Court must determine:

(1) whether, in taking the allegations in the light most favorable to the plaintiff, the allegations demonstrate that the defendants' conduct violated a constitutional right; and

(2) whether the right was clearly established in light of the specific context of the case; not as a broad, general proposition.

*See Saucier v. Katz,* 533 U.S. 194, 201 (2001). The second part of the analysis must be made in a highly specific, contextualized manner, as the case presented itself to the defendants at the time they acted. *Brosseau v. Haugen,* 543 U.S. 194, 198 (2004). Once the defendant has raised the defense, the plaintiff must come forward with a closely analogous case showing that the right was clearly established. *Gregorian v. Lund,* 54 F.3d 410, 413 (7th Cir. 1995); *Rice v. Burns,* 999 F.2d 1172, 1174 (7th Cir. 1993).

As shown above, Whitlock's allegations do not show that the Current ISP Officials violated any constitutional provisions under Whitlock's malicious prosecution claim. No such federal constitutional right exists. In particular, no right exists under the three Constitutional Amendments upon which Whitlock relies: the Fourth, Fifth and

8

Fourteenth. Essentially, Whitlock asks this Court to create a federal malicious prosecution claim despite *Newsome*. Even if this Court was so inclined to attempt to overrule the Seventh Circuit's decision in *Newsome*, the Current ISP Officials would still be entitled to judgment under the doctrine of qualified immunity. For example, in *Pitt v. District of Columbia*, 491 F.3d 494, 512 (D.C. Cir. 2007), the court found that the defendants were entitled to qualified immunity as to the plaintiffs' federal malicious prosecution claims. To the extent that Whitlock attempts to rely upon authority that conflicts with *Newsome* and its progeny, such an attempt merely reinforces the Current ISP Officials' right to qualified immunity. *See Benson v. Allphin*, 786 F.2d 268, 275 (7th Cir. 1986) (if conflict exists among circuit and district courts, then qualified immunity applies); *see also Lum v. Jensen*, 876 F.2d 1385, 1387 (9th Cir. 1989). In fact, no Seventh Circuit case holds that failing to disclose allegedly exculpatory evidence following a trial and conviction amounts to a federal malicious prosecution claim. To the contrary, *Newsome* establishes that there is no such claim.

No federal constitutional malicious prosecution claim exists, and even if this Court were to find that such a claim now exists, the Current ISP Officials are entitled to judgment as to Count II of Whitlock's Complaint.

### V. The Current ISP Officials Are Entitled to Judgment on Whitlock's Federal False Imprisonment Claim (Count III) Because No Such Right Exists, And, Alternatively, Even If It Did, The Current ISP Officials Are Entitled to Qualified Immunity And the Claim Is Time Barred.

Whitlock alleges in Count III that the Current ISP Officials caused his continued false imprisonment, thereby violating his rights under the Fourth, Fifth, and Fourteenth Amendments. (Compl. ¶¶ 110-113.) However, Whitlock's claim fails. Whitlock cannot state a false imprisonment claim under the Fourth, Fifth or Fourteenth Amendments as to

the Current ISP Officials. Even if he could, the Current ISP Officials would be entitled to qualified immunity, *and* the claim would be time barred.

### A. A Constitutional False Imprisonment Claim Does Not Exist Against the Current ISP Officials.

Because Whitlock's Complaint seeks to impose liability against the Current ISP Officials for actions taken following his trial and conviction, no false imprisonment claim based on the Fourth Amendment exists, as this Court already determined in the related case of *Steidl v. City of Paris*, 2006 U.S. Dist. LEXIS 15114, *21-22 (C.D. Ill. 2006), *aff'd in part, rev'd in part*, 494 F.3d 623 (7th Cir. 2007). Additionally, no Fifth Amendment false imprisonment claim exists because its due process component does not apply to State actors and no other provision of the Amendment is remotely applicable. Further, a federal constitutional false imprisonment claim cannot be based upon the Fourteenth Amendment's due process clause.

Whitlock's false imprisonment claim must fail because he cannot demonstrate any clearly established rights are implicated by his claim. In keeping with his obligations under Section 1983 to anchor his claim in a specific constitutional provision, Whitlock refers to the Fourth, Fifth, and Fourteenth Amendments. None provide any foundation.

The Fourth Amendment is limited in temporal scope. It simply does not apply to alleged violations occurring during post-conviction proceedings. *Donahue v. Gavin,* 280 F.3d 371, 380 (3rd Cir. 2002) ("post-conviction incarceration cannot constitute a Fourth Amendment violation"). The Seventh Circuit has "repeatedly rejected the continuing seizure approach" under the Fourth Amendment. *Wiley v. City of Chicago,* 361 F.3d 994, 998 (7th Cir. 2004) (noting that the scope of a Fourth Amendment claim is limited to up until the point of arraignment); *see also Washington v. Summerville,* 127 F.3d 552, 560

n.3 (7th Cir. 1997); *Gonzales v. Entress,* 133 F.3d 551, 554 (7th Cir. 1998) ("[I]t seriously misunderstands the fourth amendment to treat a conviction based on improperly obtained evidence as an independent violation of the fourth amendment."). Instead, as soon as Whitlock was arraigned, the Fourth Amendment's protections disappeared. *Garcia v. Chicago,* 24 F.3d 966, 970 n.6 (7th Cir. 1994).

Here, the claims against the Current ISP Officials all relate to actions they allegedly took *over 13 years* after Whitlock's arraignment and conviction. There is simply no Fourth Amendment violation under these circumstances. *Steidl*, 2006 U.S. Dist. LEXIS 15114 at *21-22.

Whitlock's attempts to base his false imprisonment claim on rights conferred by the Fifth and Fourteenth Amendments fail as well. As discussed above, the Fifth Amendment's due process clause applies only to the federal government. *Massey,* 221 F.3d at 1036 n.1; *Anast v. Commonwealth Apartments,* 956 F.Supp. at 797. And no other provision in the Fifth Amendment is remotely applicable.

Further, Whitlock cannot simply re-label his claim as a Fourteenth Amendment false imprisonment claim. When a particular constitutional provision provides an explicit textual source of a right, the claimed right must be analyzed under that provision, not under the generalized notion of due process of the Fourteenth Amendment. *Sacramento v. Lewis*, 523 U.S. 833, 842 (1998); *Albright,* 510 U.S. at 271-72. In the Seventh Circuit, a false imprisonment claim can *only* be based upon the Fourth Amendment, not on due process. *Hood v. Chicago*, 927 F.2d 312, 314 (7th Cir. 1991) ("*Guenther* appears therefore to foreclose Hood's Fourteenth Amendment claim since he alleges that he was deprived of liberty without due process of law, yet Illinois provides adequate state tort

law remedies such as false imprisonment or false arrest."); *Guenther v. Holmgreen*, 738 F.2d 879, 882 (7th Cir. 1984). Other courts agree with the Seventh Circuit that false imprisonment claims *must* be grounded in the Fourth Amendment. *See Whittington v. City of Cuero*, 2007 U.S. Dist. LEXIS 22463, *26 (S.D. Tex. 2007); *Ortiz v. Henriquez*, 2001 U.S. Dist. LEXIS 13739, *10 (S.D.N.Y. 2001) *aff'd* 2002 U.S. App. LEXIS 17363 (2nd Cir. 2002); *Ogborne v. Brown*, 2000 U.S. Dist. LEXIS 8186, *23 (E.D. Pa. 2000).

Whitlock has pleaded a *Brady* claim in Count I that covers the same ground he attempts to reach in his false imprisonment claim in Count III. (Compl. ¶¶ 101-104.) He has also made a claim under state tort law for false imprisonment. (Compl. ¶ 121.) The Fourteenth Amendment cannot be used as a vehicle to shoehorn additional claims into an already overloaded complaint. A federal false imprisonment claim must be based on the Fourth Amendment. The fact that Whitlock has no Fourth Amendment claim against the Current ISP Officials does *not* give him the ability to concoct a false imprisonment claim based on the Fourteenth Amendment.

    **B.** **Even If A Federal False Imprisonment Claim Existed, The Current ISP Officials Would Be Entitled to Judgment Because of Qualified Immunity and the Statute of Limitations.**

There is no clearly established right based upon the Fourth, Fifth or Fourteenth Amendment not to be falsely imprisoned by individuals who played no role whatsoever in the investigation or trial leading to a conviction. Moreover, because of the lapse of years, any such claim would be time barred.

1. **No Clearly Established Right Against False Imprisonment Exists Under Whitlock's Allegations Against the Current ISP Officials.**

As described *supra*, the first step in the qualified immunity analysis is to determine if a constitutional right exists. As shown above, there is no Fourth, Fifth or Fourteenth Amendment false imprisonment claim against the Current ISP Officials. And even if such a claim existed, the right was and is not clearly established.

As to the Fourth Amendment false imprisonment claim, even if this Court were to find that the Current ISP Officials somehow violated the Fourth Amendment, they would nevertheless be entitled to qualified immunity. Such a right is not clearly established. *See Torres v. McLaughlin*, 163 F.3d 169, 174 (3rd Cir. 1998) ("We note that at least four courts of appeal have refused to apply the Fourth Amendment beyond initial arrests.") In fact, as recently as 2003, the Seventh Circuit found that a similar issue was still unresolved in this Circuit: "When a defendant is arrested and jailed on the basis of probable cause to believe that he has committed a crime, and only later does police fraud enter the picture with the effect of perpetuating the seizure without good cause, there is a question not as yet authoritatively resolved whether the Fourth Amendment has been violated." *Gauger v. Hendle,* 349 F.3d 354, 359 (7th Cir. 2003). Qualified immunity is particularly applicable because the right must be viewed in the context of the allegations of this case. There is simply no case that holds that the Fourth Amendment is violated by individuals, who had no involvement with an initial investigation or prosecution, because they refused to reopen the investigation.

Similarly, there is no clearly established right to be free from false imprisonment under the Fifth or Fourteenth Amendments. There is not a single reported case finding

that the Fifth or Fourteenth Amendment provides the constitutional support for a false imprisonment claim. In the absence of such a decision, the Current ISP Officials are entitled to qualified immunity. *Gregorian*, 54 F.3d at 413 (plaintiff must come forward with closely analogous case demonstrating that right was clearly established).

### 2. Whitlock's False Imprisonment Claim is Time Barred.

The statute of limitations also bars Whitlock's claim for false imprisonment. The statute of limitations for a Section 1983 case in Illinois is two years. *Evans v. City of Chicago,* 434 F.3d 916, 934 (7th Cir. 2006). Although state law governs tolling provisions and the statute of limitations, federal law governs when a cause of action accrues. In *Wallace v. Kato,* 127 S.Ct. 1091, 1097 (2007), the Supreme Court held that the statute of limitations for Section 1983 claims based on false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the complainant becomes detained pursuant to legal process. *Id.* at 1097. The Court found that a claim for false imprisonment accrues and limitations begin to run at the time the complainant is arraigned on charges. *Id.* at 1096.

Whitlock's case is analogous to *Wallace*. The plaintiff in *Wallace* was arrested for murder, tried, and convicted; approximately eight years later, his case was remanded for a new trial and the prosecutors subsequently dropped the charges. *Id.* at 1094. About one year later, the plaintiff filed his Section 1983 suit. *Id.* The Supreme Court ruled his Fourth Amendment claim was time-barred, reasoning that for a false arrest claim "damages for that claim cover the time of detention up until the issuance of process of arraignment, but not more." *Id.* at 1096.

14

Like *Wallace,* Whitlock's statute of limitations for his false imprisonment claim began to run after his indictment on March 10, 1987. (Compl. ¶ 36.) The two year statute of limitations ended on March 10, 1989. Whitlock's false imprisonment claim, made nearly 19 years later, is time barred, entitling the Current ISP Officials to judgment in their favor on this claim.

The Current ISP Officials are entitled to judgment on Count III because Whitlock cannot show that they violated his right not to be falsely imprisoned under the Fourth, Fifth or Fourteenth Amendments. Moreover, even if he could, the right was not clearly established and is untimely.

**VI.   Conclusion**

For the foregoing reasons, this Court should enter judgment on Counts II and III of the Complaint in favor of the Current ISP Officials.

July 7, 2008                                                                 Respectfully submitted,

                                                                                        Current ISP Officials


                                                                                        By: s/ Iain D. Johnston
                                                                                        One of Their Attorneys

                                                                                        Iain D. Johnston
                                                                                        Bar Number: 6204667
                                                                                        Johnston Greene LLC
                                                                                        542 S. Dearborn Street
                                                                                        Suite 1310
                                                                                        Chicago, Illinois 60605
                                                                                        Phone: (312) 341-9720
                                                                                        Facsimile: (312) 341-0700
                                                                                        ijohnston@johnstongreene.com

15