## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| **HERBERT WHITLOCK,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 08 CV 2055** |
| **v.** | ) | |
| | ) | |
| **CITY OF PARIS, Present and Former** | ) | **Honorable Harold A. Baker** |
| **Paris Police Officials Chief Gene Ray and** | ) | |
| **Detective James Parrish; former Illinois** | ) | |
| **State Trooper Jack Eckerty; former** | ) | |
| **Edgar County State's Attorney Michael** | ) | |
| **McFatridge; EDGAR COUNTY; and** | ) | |
| **Illinois State Police Officials Steven M.** | ) | |
| **Fermon, Diane Carper, Charles E.** | ) | |
| **Brueggemann, Andre Parker, Kenneth** | ) | |
| **Kaupus and Jeff Marlow; and Deborah** | ) | |
| **Rienbolt,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MOTION FOR ENTRY OF AN AGREED PROTECTIVE ORDER

NOW COMES Plaintiff, Herbert Whitlock, by and through his attorneys Ronald H. Balson and Carrie A. Hall of Michael Best & Friedrich LLP and Richard S. Kling and Susanna Ortiz of the Law Offices of Richard S. Kling, and moves this Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for the entry of an agreed protective order.  In support thereof, plaintiff states as follows:

1.     The plaintiff is seeking the production of documents that defendants represent contain highly sensitive and confidential personal, disciplinary and investigatory information including Illinois State Police Division of Internal Investigations reports and investigations, case files, business profiles, individual profiles, confidential informant/source information, CABINET

information, financial audits and telephone audits and the defendants are seeking medical and psychiatric records from plaintiff (hereafter "Confidential Material"), which require protection from disclosure.

2.     The parties do not concede that all of their production requests will require protection as "Confidential Material," but for purposes of proceeding cooperatively to conduct discovery, the parties agree to the provisions of the proposed Agreed Protective Order which is attached hereto as Exhibit A.

3.     The designation of information as "Confidential Material" does not create a presumption in favor or against that status.  In the event of a dispute as to whether specific material is "Confidential Material," the party asserting confidentiality shall bear the burden of establishing good cause for a protective order within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure.

4.     There exists good cause pursuant to Rule 26(c) for entry of a protective order governing the disclosure of "Confidential Material."  However, this order shall not be construed as a waiver of any right that the parties may have to object to the disclosure of any material based on relevance, privilege, vagueness, overbreadth or any other objection.

5.     All parties represented by counsel have agreed to the entry of this protective order.

6.     Defendant Deborah Rienbolt is representing herself *pro se*.  Counsel for plaintiff wrote Ms. Rienbolt the letter attached as Exhibit B to inquire whether she had any objection to the entry of the proposed Agreed Protective Order.  Counsel for plaintiff asked Ms. Rienbolt to inform them if she had any objection to the entry of the proposed Agreed Protective Order within seven days.  To date, plaintiff's counsel has received no objection from Ms. Rienbolt.

2

WHEREFORE, Plaintiff, Herbert Whitlock, hereby requests that his motion for entry of an agreed protective order be granted and for such further and other relief as this Court deems just and proper.

HERBERT WHITLOCK

By:     s/ Carrie A. Hall_____
        One of his attorneys

Ronald H. Balson  rhbalson@michaelbest.com
Carrie A. Hall  cahall@michaelbest.com
Michael Best & Friedrich LLP
Two Prudential Plaza
180 North Stetson Avenue, Suite 2000
Chicago, IL 60601
(312) 222-0800
Fax:  (312) 222-0818

- and -

Richard S. Kling  rkling@kentlaw.edu
Susana Ortiz  sortiz@kentlaw.edu
Law Offices of Richard Kling
565 West Adams Street, 6th Floor
Chicago, IL 60661-3691
(312) 906-5155
Fax:  (312) 906-5299

**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | | |
|---|---|---|
| **HERBERT WHITLOCK,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 08 CV 2055** |
| **v.** | ) | |
| | ) | |
| **CITY OF PARIS, Present and Former** | ) | **Honorable Harold A. Baker** |
| **Paris Police Officials Chief Gene Ray and** | ) | |
| **Detective James Parrish; former Illinois** | ) | |
| **State Trooper Jack Eckerty; former** | ) | |
| **Edgar County State's Attorney Michael** | ) | |
| **McFatridge; EDGAR COUNTY; and** | ) | |
| **Illinois State Police Officials Steven M.** | ) | |
| **Fermon, Diane Carper, Charles E.** | ) | |
| **Brueggemann, Andre Parker, Kenneth** | ) | |
| **Kaupus and Jeff Marlow; and Deborah** | ) | |
| **Rienbolt,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of the foregoing Motion for Entry of an Agreed Protective Order was served upon the following counsel via the Court's CM/ECF system on the 9th day of July 2008, before the hour of 5:00 p.m.:

Attorneys for City of Paris, Gene Ray, James Parrish and Jack Eckerty:

| James G. Sotos | Elizabeth A. Ekl | Sara M. Cliffe |
|---|---|---|
| jsotos@jsotoslaw.com | eekl@jsotoslaw.com | scliffe@jsotoslaw.com |

Attorneys for Michael McFatridge:

| Terry A. Ekl | Vincent C. Mancini |
|---|---|
| tekl@eklwilliams.com | vmancini@eklwilliams.com |

Attorneys for Edgar County:

| Michael E. Raub | Brian M. Smith |
|---|---|
| mraub@hrva.com | bsmith@hrva.com |

Attorneys for Steven M. Fermon, Diane Carper, Charles E. Brueggemann, Andre Parker, Kenneth Kaupas and Jeff Marlow:

Iain D. Johnston                         Heidi Steiner
ijohnston@johnstongreene.com             hsteiner@johnstongreene.com

A copy of the foregoing Motion for Entry of an Agreed Protective Order was served upon the following defendant via U.S. First-Class Mail on the 9th day of July 2008, before the hour of 5:00 p.m., by deposit at Two Prudential Plaza, 180 North Stetson Avenue, Chicago, IL 60601:

Deborah Rienbolt
2116 East Keys Avenue
Springfield, IL 62702

/s/ Carrie A. Hall

S:\CLIENT\023996\0001\C0863611.0

# EXHIBIT A



# MICHAEL BEST

& FRIEDRICH LLP

**Michael Best & Friedrich LLP**
**Attorneys at Law**
Two Prudential Plaza
180 North Stetson Avenue
Suite 2000
Chicago, IL  60601-6710
Phone  312.222.0800
Fax  312.222.0818

**Carrie A. Hall**
Direct  312.596.5819
Email  cahall@michaelbest.com

*Via UPS Ground*

June 30, 2008

Deborah Rienbolt
2116 East Keys Avenue
Springfield, IL 62702

Re:    Herbert Whitlock v. City of Paris, et al., No. 08-CV-2055

Dear Ms. Rienbolt:

Enclosed please find a proposed stipulated protective order we intend to have entered.  Some defendants, specifically the ISP defendants, have claimed that certain documents need to be protected from public disclosure and that is the purpose of the order.  We would like to represent to the court that all of the parties agree to this order.  By agreeing to this order, you are not waiving your right to see any of the documents produced under this confidential designation, but rather you would be prohibited from disseminating the documents or showing them to anyone outside of this case.

Please advise me within seven days whether or not you object to the entry of this order.  If I do not hear from you, I will represent to the court that we have consulted with you and have heard no objections.

If you have any questions, please contact me.

Sincerely,

Carrie A. Hall

CAH:jds

Enclosure

cc:    Richard Kling (via email)          G. Flint Taylor (via email)
       James G. Sotos (via email)         Jan Susler (via email)
       Elizabeth A. Ekl (via email)       Erica Thompson (via email)
       Sara M. Cliffe (via email)         Iain D. Johnston (via email)
       Terry A. Ekl (via email)           Heidi Steiner (via email)
       Vincent C. Mancini (via email)
       Michael E. Raub (via email)
       Brian M. Smith (via email)

S:\CLIENT\023996\0001\C0861779.1

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| **HERBERT WHITLOCK,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 08 CV 2055** |
| **v.** | ) | |
| | ) | |
| **CITY OF PARIS, Present and Former** | ) | **Honorable Harold A. Baker** |
| **Paris Police Officials Chief Gene Ray and** | ) | |
| **Detective James Parrish; former Illinois** | ) | |
| **State Trooper Jack Eckerty; former** | ) | |
| **Edgar County State's Attorney Michael** | ) | |
| **McFatridge; EDGAR COUNTY; and** | ) | |
| **Illinois State Police Officials Steven M.** | ) | |
| **Fermon, Diane Carper, Charles E.** | ) | |
| **Brueggemann, Andre Parker, Kenneth** | ) | |
| **Kaupus and Jeff Marlow; and Deborah** | ) | |
| **Rienbolt,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## AGREED PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c) and the agreement of the parties, the Court hereby finds as follows:

1.    The plaintiff is seeking the production of documents that defendants represent contain highly sensitive and confidential personal, disciplinary and investigatory information including Illinois State Police Division of Internal Investigations reports and investigations, case files, business profiles, individual profiles, confidential informant/source information, CABINET information, financial audits and telephone audits and the defendants are seeking medical and psychiatric records from plaintiff (hereafter "Confidential Material"), which require protection from disclosure.

2.    The parties do not concede that all of their production requests will require protection as "Confidential Material," but for purposes of proceeding cooperatively to conduct discovery, the parties agree to the provisions of this Order.

3.    The designation of information as "Confidential Material" does not create a presumption in favor or against that status. In the event of a dispute as to whether specific material is "Confidential Material," the party asserting confidentiality shall bear the burden of establishing good cause for a protective order within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure.

4.    There exists good cause pursuant to Rule 26(c) for entry of a protective order governing the disclosure of "Confidential Material."  However, this order shall not be construed as a waiver of any right that the parties may have to object to the disclosure of any material based on relevance, privilege, vagueness, overbreadth or any other objection.

5.    All parties have agreed to the entry of this protective order.

THEREFORE, IT IS HEREBY ORDERED:

1.    The "Confidential Material" shall be produced by the parties and each page on which "Confidential Material" appears shall be separately marked "Confidential."  All copies of materials so designated shall be maintained by the parties' counsel in a safe, secure and confidential manner and not disclosed except as provided for in paragraph 3 below.  In the event that a party inadvertently fails to mark or otherwise designate a document as "Confidential" at the time of production or disclosure, the party shall have ten (10) business days after learning of the inadvertent failure to designate the document as "Confidential" by serving a letter identifying the documents

2

containing the "Confidential Material" with specificity. Regardless of the designation of documents as "Confidential," the parties may redact certain sensitive personal information, such as home telephone numbers and addresses, social security numbers, driver's license numbers and other personal identification information ("Personal Identification Information"). If all Personal Identification Information is redacted from a document marked or identified as "Confidential" and which does not otherwise contain "Confidential Material," then the "Confidential" designation of that document will no longer exist.

      2.     Recipients of "Confidential Material" and the information contained therein produced pursuant to this Order shall use such material solely for the purpose of conducting litigation in this case. No "Confidential Material" and the information contained therein shall be used in any other litigation or in any other manner whatsoever and no such material or information contained therein shall be disclosed to any other person except as provided for in paragraph 3 below.

      3.     "Confidential Material" may be disclosed only to:

          a.     The parties and their attorneys working directly on this litigation, including all paralegal assistants, stenographic and clerical employees working under the direct supervision of such attorneys, provided that any and all such persons first be shown a copy of this Order, explained its terms and sign an affidavit as provided by Exhibit "A" stating that they shall: (i) be bound thereby, (ii) not use such "Confidential Material" for any purpose other than in connection with the prosecution or defense of this action and not for any other purpose or any other case; (iii) not disclose any such "Confidential Material" to any person other than a person who has received a copy of this Order and is subject to its provisions; and (iv) upon termination of their involvement with this case, return such "Confidential Material" to counsel;

          b.     Any person from whom testimony is taken, and provided that such person may only be shown copies of "Confidential Material" during his or her testimony and may not retain any such material;

    c.      Any expert witnesses or consultants retained by the parties or their counsel for this case as is reasonably necessary for discovery or trial preparation, including clerical personnel directly employed by or retained by such expert witness or consultant, provided, however, that any such person shall be advised of and shown a copy of this Order and shall execute an affidavit as described in paragraph 3a above and as attached as Exhibit "A".

    d.      The Court, its clerks and clerical employees working under the direct supervision of the Court;

    e.      Court reporting personnel involved in taking or transcribing any testimony in this litigation who have signed an affidavit described in paragraph 3a above and as attached as Exhibit "A"; and

    f.      Any person that the Court designates in the interest of justice including a party or an agent of a party upon terms that the Court deems proper.

4.     Counsel may object to any designation of materials as "Confidential" at any time in the litigation by stating any such objection in writing and, if no resolution is reached among the parties, filing a motion with the Court.

5.     "Confidential Material" shall not be copied except for use in connection with this case.

6.     This Order shall govern disclosure of the "Confidential Material" for discovery and all other purposes but shall not govern the use of "Confidential Material" in any court proceeding or at any evidentiary hearing. Counsel shall provide actual notice to opposing counsel at least ten (10) business days before the use of any material designated as "Confidential" at any court proceeding or at any evidentiary hearing, or the attachment of any such material to any court filing, to afford opposing counsel an opportunity to raise appropriate objections, or to request that such materials be filed under seal. If a party objects to the other party's intention to attach material designated as "Confidential" to a court filing, the objecting party must file such material separately,

under seal. Thereafter, the objecting party shall have ten (10) business days to file a motion with the Court seeking to maintain such material under seal. If the objecting party fails to bring such a motion within ten (10) business days, the materials filed under seal shall, by the terms of this Order, be automatically unsealed.

7.     Within forty-five (45) days after entry of final judgment in the case, including appeals or petitions for review, the parties' counsel shall destroy all copies of the "Confidential Material" except as contained in counsel's copy of any motion or other paper filed with the Court. The parties' counsel shall execute and serve on each other affidavits attesting to the fact that all "Confidential Material" has been destroyed.

8.     If attempts to resolve confidentiality disputes by agreement are unsuccessful, any party may seek Court intervention. Any party or interested member of the public may seek relief from the provisions of this Order for good cause shown.

9.     If additional parties join or are joined to this action, that newly-joined party shall not have access to "Confidential Material" until such party has agreed, in writing, to be bound by this Order.

By:     s/ Janis Susler
        Attorney for Plaintiff

By:     s/ Iain D. Johnston
        Attorney for Diane Carper, Steven Fermon, Andre Parker, Charles Brueggemann, and Ken Kaupas

By:     s/ James Sotos
        Attorney for City of Paris, Jack Eckerty, Gene Ray and James Parrish

By:     s/ Michael Raub
        Attorney for Edgar County

By:     s/ Terry Ekl
        Attorney for Michael McFatridge

5

IT IS ORDERED.

Date: _____, 2008

_____
Honorable Harold A. Baker
U.S. District Court Judge

**<u>EXHBIT A</u>**

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| **HERBERT WHITLOCK,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 08 CV 2055** |
| v. | ) | |
| | ) | |
| **CITY OF PARIS, Present and Former** | ) | **Honorable Harold A. Baker** |
| **Paris Police Officials Chief Gene Ray and** | ) | |
| **Detective James Parrish; former Illinois** | ) | |
| **State Trooper Jack Eckerty; former** | ) | |
| **Edgar County State's Attorney Michael** | ) | |
| **McFatridge; EDGAR COUNTY; and** | ) | |
| **Illinois State Police Officials Steven M.** | ) | |
| **Fermon, Diane Carper, Charles E.** | ) | |
| **Brueggemann, Andre Parker, Kenneth** | ) | |
| **Kaupus and Jeff Marlow; and Deborah** | ) | |
| **Rienbolt,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>AFFIDAVIT PURSUANT TO AGREED PROTECTIVE ORDER</u>**

I, _____, being duly sworn, state the following on

personal knowledge:

     1.     I have read the Agreed Protective Order Judge Baker entered in this case.

     2.     I am within the categories of individuals identified in paragraph 3 of the

Agreed Protective Order.

     3.     I have read the Agreed Protective Order, understand its terms and agree to

be bound by the terms of the order.

4.    I will not use "Confidential Material" for any purpose other than in connection with this case.

5.    I will not disclose "Confidential Material" to any person other than a person who has received a copy of the Agreed Protective Order and is subject to its provisions.

6.    Upon termination of this litigation, I will return all "Confidential Material" to counsel.

7.    If called to testify as a witness, I could competently testify to the foregoing.

_____

Subscribed before me
this _____ day
of _____, 200\_\_.

_____
NOTARY PUBLIC

S:\CLIENT\023996\0001\C0861757.1

8



# Tracking Summary

**Tracking Numbers**

| | |
|---|---|
| **Tracking Number:** | 1Z A90 0T3 03 9990 443 6 |
| Type: | Package |
| Status: | **Delivered** |
| Delivered On: | 07/01/2008 |
| | 5:10 P.M. |
| Delivered To: | SPRINGFIELD, IL, US |
| Service: | GROUND |

Tracking results provided by UPS: 07/02/2008 8:58 A.M. ET

**NOTICE:** UPS authorizes you to use UPS tracking systems solely to track shipments tendered by or for you to UPS for delivery and for no other purpose. Any other use of UPS tracking systems and information is strictly prohibited.

Copyright © 1994-2008 United Parcel Service of America, Inc. All rights reserved.

## UPS CampusShip: View/Print Label

1. **Print the label(s):**  Select the Print button on the print dialog box that appears. Note: If your browser does not support this function select Print from the File menu to print the label.

2. **Fold the printed label at the dotted line.**   Place the label in a UPS Shipping Pouch. If you do not have a pouch, affix the folded label using clear plastic shipping tape over the entire label.

3. **GETTING YOUR SHIPMENT TO UPS**
   **Customers without a Daily Pickup**
   - o  Schedule a same day or future day Pickup to have a UPS driver pickup all your CampusShip packages.
   - o  Hand the package to any UPS driver in your area.
   - o  Take your package to any location of The UPS Store®, UPS Drop Box, UPS Customer Center, UPS Alliances (Office Depot® or Staples®) or Authorized Shipping Outlet near you. Items sent via UPS Return Services$^{SM}$ (including via Ground) are accepted at Drop Boxes.
   - o  To find the location nearest you, please visit the Resources area of CampusShip and select UPS Locations.

   **Customers with a Daily Pickup**
   - o  Your driver will pickup your shipment(s) as usual.

FOLD HERE



# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| HERBERT WHITLOCK, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 CV 2055 |
| v. | ) | |
| | ) | |
| CITY OF PARIS, Present and Former | ) | Honorable Harold A. Baker |
| Paris Police Officials Chief Gene Ray and | ) | |
| Detective James Parrish; former Illinois | ) | |
| State Trooper Jack Eckerty; former | ) | |
| Edgar County State's Attorney Michael | ) | |
| McFatridge; EDGAR COUNTY; and | ) | |
| Illinois State Police Officials Steven M. | ) | |
| Fermon, Diane Carper, Charles E. | ) | |
| Brueggemann, Andre Parker, Kenneth | ) | |
| Kaupus and Jeff Marlow; and Deborah | ) | |
| Rienbolt, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>AGREED PROTECTIVE ORDER</u>

Pursuant to Fed. R. Civ. P. 26(c) and the agreement of the parties, the Court

hereby finds as follows:

1.     The plaintiff is seeking the production of documents that defendants

represent contain highly sensitive and confidential personal, disciplinary and

investigatory information including Illinois State Police Division of Internal

Investigations reports and investigations, case files, business profiles, individual profiles,

confidential informant/source information, CABINET information, financial audits and

telephone audits and the defendants are seeking medical and psychiatric records from

plaintiff (hereafter "Confidential Material"), which require protection from disclosure.

2.      The parties do not concede that all of their production requests will require protection as "Confidential Material," but for purposes of proceeding cooperatively to conduct discovery, the parties agree to the provisions of this Order.

3.      The designation of information as "Confidential Material" does not create a presumption in favor or against that status. In the event of a dispute as to whether specific material is "Confidential Material," the party asserting confidentiality shall bear the burden of establishing good cause for a protective order within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure.

4.      There exists good cause pursuant to Rule 26(c) for entry of a protective order governing the disclosure of "Confidential Material."  However, this order shall not be construed as a waiver of any right that the parties may have to object to the disclosure of any material based on relevance, privilege, vagueness, overbreadth or any other objection.

5.      All parties have agreed to the entry of this protective order.

THEREFORE, IT IS HEREBY ORDERED:

1.      The "Confidential Material" shall be produced by the parties and each page on which "Confidential Material" appears shall be separately marked "Confidential."  All copies of materials so designated shall be maintained by the parties' counsel in a safe, secure and confidential manner and not disclosed except as provided for in paragraph 3 below.  In the event that a party inadvertently fails to mark or otherwise designate a document as "Confidential" at the time of production or disclosure, the party shall have ten (10) business days after learning of the inadvertent failure to designate the document as "Confidential" by serving a letter identifying the documents

containing the "Confidential Material" with specificity. Regardless of the designation of documents as "Confidential," the parties may redact certain sensitive personal information, such as home telephone numbers and addresses, social security numbers, driver's license numbers and other personal identification information ("Personal Identification Information"). If all Personal Identification Information is redacted from a document marked or identified as "Confidential" and which does not otherwise contain "Confidential Material," then the "Confidential" designation of that document will no longer exist.

2.    Recipients of "Confidential Material" and the information contained therein produced pursuant to this Order shall use such material solely for the purpose of conducting litigation in this case. No "Confidential Material" and the information contained therein shall be used in any other litigation or in any other manner whatsoever and no such material or information contained therein shall be disclosed to any other person except as provided for in paragraph 3 below.

3.    "Confidential Material" may be disclosed only to:

     a.    The parties and their attorneys working directly on this litigation, including all paralegal assistants, stenographic and clerical employees working under the direct supervision of such attorneys, provided that any and all such persons first be shown a copy of this Order, explained its terms and sign an affidavit as provided by Exhibit "A" stating that they shall: (i) be bound thereby, (ii) not use such "Confidential Material" for any purpose other than in connection with the prosecution or defense of this action and not for any other purpose or any other case; (iii) not disclose any such "Confidential Material" to any person other than a person who has received a copy of this Order and is subject to its provisions; and (iv) upon termination of their involvement with this case, return such "Confidential Material" to counsel;

     b.    Any person from whom testimony is taken, and provided that such person may only be shown copies of "Confidential Material" during his or her testimony and may not retain any such material;

3

c.      Any expert witnesses or consultants retained by the parties or their counsel for this case as is reasonably necessary for discovery or trial preparation, including clerical personnel directly employed by or retained by such expert witness or consultant, provided, however, that any such person shall be advised of and shown a copy of this Order and shall execute an affidavit as described in paragraph 3a above and as attached as Exhibit "A".

d.      The Court, its clerks and clerical employees working under the direct supervision of the Court;

e.      Court reporting personnel involved in taking or transcribing any testimony in this litigation who have signed an affidavit described in paragraph 3a above and as attached as Exhibit "A"; and

f.      Any person that the Court designates in the interest of justice including a party or an agent of a party upon terms that the Court deems proper.

4.      Counsel may object to any designation of materials as "Confidential" at any time in the litigation by stating any such objection in writing and, if no resolution is reached among the parties, filing a motion with the Court.

5.      "Confidential Material" shall not be copied except for use in connection with this case.

6.      This Order shall govern disclosure of the "Confidential Material" for discovery and all other purposes but shall not govern the use of "Confidential Material" in any court proceeding or at any evidentiary hearing.  Counsel shall provide actual notice to opposing counsel at least ten (10) business days before the use of any material designated as "Confidential" at any court proceeding or at any evidentiary hearing, or the attachment of any such material to any court filing, to afford opposing counsel an opportunity to raise appropriate objections, or to request that such materials be filed under seal.  If a party objects to the other party's intention to attach material designated as "Confidential" to a court filing, the objecting party must file such material separately,

4

under seal. Thereafter, the objecting party shall have ten (10) business days to file a motion with the Court seeking to maintain such material under seal. If the objecting party fails to bring such a motion within ten (10) business days, the materials filed under seal shall, by the terms of this Order, be automatically unsealed.

7.     Within forty-five (45) days after entry of final judgment in the case, including appeals or petitions for review, the parties' counsel shall destroy all copies of the "Confidential Material" except as contained in counsel's copy of any motion or other paper filed with the Court. The parties' counsel shall execute and serve on each other affidavits attesting to the fact that all "Confidential Material" has been destroyed.

8.     If attempts to resolve confidentiality disputes by agreement are unsuccessful, any party may seek Court intervention. Any party or interested member of the public may seek relief from the provisions of this Order for good cause shown.

9.     If additional parties join or are joined to this action, that newly-joined party shall not have access to "Confidential Material" until such party has agreed, in writing, to be bound by this Order.

By:     s/ Ronald H. Balson
        Attorney for Plaintiff

By:     s/ Iain D. Johnston
        Attorney for Diane Carper, Steven Fermon, Andre Parker, Charles Brueggemann,
        Ken Kaupas and Jeffrey Marlow

By:     s/ James Sotos
        Attorney for City of Paris, Jack Eckerty, Gene Ray and James Parrish

By:     s/ Michael Raub
        Attorney for Edgar County

By:     s/ Terry Ekl
        Attorney for Michael McFatridge

By:     <u>s/ Deborah Rienbolt</u>
        Pro se

IT IS ORDERED.


Date: _____, 2008          _____
                                               Honorable Harold A. Baker
                                               U.S. District Court Judge

**EXHBIT A**

**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | | |
|---|---|---|
| HERBERT WHITLOCK, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 CV 2055 |
| v. | ) | |
| | ) | |
| CITY OF PARIS, Present and Former | ) | Honorable Harold A. Baker |
| Paris Police Officials Chief Gene Ray and | ) | |
| Detective James Parrish; former Illinois | ) | |
| State Trooper Jack Eckerty; former | ) | |
| Edgar County State's Attorney Michael | ) | |
| McFatridge; and EDGAR COUNTY; and | ) | |
| Illinois State Police Officials Steven M. | ) | |
| Fermon, Diane Carper, Charles E. | ) | |
| Brueggemann, Andre Parker, Kenneth | ) | |
| Kaupus and Jeff Marlow; and Deborah | ) | |
| Rienbolt, | ) | |
| | ) | |
| Defendants. | ) | |

**AFFIDAVIT PURSUANT TO AGREED PROTECTIVE ORDER**

I, _____, being duly sworn, state the following on personal knowledge:

1.      I have read the Agreed Protective Order Judge Baker entered in this case.

2.      I am within the categories of individuals identified in paragraph 3 of the Agreed Protective Order.

3.      I have read the Agreed Protective Order, understand its terms and agree to be bound by the terms of the order.

7

4.    I will not use "Confidential Material" for any purpose other than in connection with this case.

5.    I will not disclose "Confidential Material" to any person other than a person who has received a copy of the Agreed Protective Order and is subject to its provisions.

6.    Upon termination of this litigation, I will return all "Confidential Material" to counsel.

7.    If called to testify as a witness, I could competently testify to the foregoing.

_____

Subscribed before me
this _____ day
of _____, 200__.


_____
NOTARY PUBLIC


S:\CLIENT\023996\0001\~VER\1\C0861757.1

8