IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **HERBERT WHITLOCK,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | No. 08 CV 2055 |
| v. ) | |
| ) | |
| **CITY OF PARIS, Present and Former** ) | |
| **Paris Police Officials Chief Gene Ray and** ) | |
| **Detective James Parrish; former Illinois** ) | |
| **State Trooper Jack Eckerty; former** ) | |
| **Edgar County State's Attorney Michael** ) | |
| **McFatridge; EDGAR COUNTY; and** ) | |
| **Illinois State Police Officials Steven M.** ) | |
| **Fermon, Diane Carper, Charles E.** ) | |
| **Brueggemann, Andre Parker, Kenneth** ) | |
| **Kaupus and Jeff Marlow; and Deborah** ) | |
| **Rienbolt,** ) | |
| ) | |
| **Defendants.** ) | |

**PLAINTIFF'S RESPONSE TO CURRENT ILLINOIS STATE POLICE OFFICIALS'
<u>MOTION TO DISMISS COUNTS V, VI, VII AND VIII OF THE COMPLAINT</u>**

NOW COMES Plaintiff, Herbert Whitlock ("Whitlock"), by and through his attorneys, Ronald H. Balson and Carrie A. Hall of Michael Best & Friedrich LLP and Richard S. Kling and Susana Ortiz of the Law Offices of Richard Kling, and as and for his Response To Current Illinois State Police Officials', Steven M. Fermon, Diane Carper, Charles E. Brueggemann, Andre Parker, Kenneth Kaupus and Jeff Marlow (the "CISP Defendants"), Motion To Dismiss Counts V, VI, VII and VIII of the Complaint submit the following:

**Introduction**

Whitlock has filed an eleven count Complaint arising out of his arrest, prosecution, post-conviction proceedings and his twenty-one year incarceration. He has alleged that the CISP Defendants engaged in willful, egregious conduct which, along with the conduct of the other defendants, deprived him of his liberty from 1987 to 2008. He has sought relief under a variety of legal theories, both as federal and state based causes of action. The CISP Defendants have moved to dismiss four of the eleven counts against them: the state law claim for false imprisonment (Count V), the state law claim for malicious prosecution (Count VI), the state law claim for intentional infliction of emotional distress (Count VII) and the state law claim for conspiracy (Count VIII). The CISP Defendants have moved to dismiss these counts on the grounds that this Court lacks subject matter jurisdiction by the doctrine of sovereign immunity under the State Lawsuit Immunity Act (745 ILL. COMP. STAT. 5/1) and that jurisdiction lies exclusively within the Illinois Court of Claims. Each CISP Defendant is being sued in his/her *individual* capacity and that under clear, existing federal caselaw, Whitlock's state law claims should not be dismissed. Further, the CISP Defendants have already answered, admitting and consenting to jurisdiction of the supplemental claims.

**Background Facts**

Whitlock incorporates by reference his statement of facts submitted in his Response to the CISP Defendants' Motion for Judgment on the Pleadings on Counts II and III. The Motion for Judgment on the Pleadings is being briefed simultaneously and details the procedural history of Whitlock's criminal case and the CISP activities as they related to Whitlock during his post-conviction proceedings and clemency petition.

Argument

I.   **Standards applicable to a 12(b)(1) motion to dismiss.**

When ruling on a motion to dismiss based upon a claim of sovereign immunity or lack of subject matter jurisdiction, the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of plaintiff. *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). A dismissal is warranted under 12(b)(1) only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Patterson v. Koerner*, No. 03 C 0636, 2004 WL 406979 at * 1 (N.D.Ill. Feb. 6, 2004) *citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). As Whitlock will show, the CISP Defendants cannot meet this high burden based upon the allegations of the pleadings and the admissions of the CISP Defendants in their answer. Furthermore, Whitlock argues that sovereign immunity does not apply to this set of circumstances and its inapplicability is upheld by the relevant case law.

II.   **The Court has jurisdiction to hear supplemental state claims under 28 U.S.C. §1367.**

Whitlock's state law claims have been brought against the CISP Defendants on the basis of supplemental jurisdiction. *See* Complaint, ¶1. The CISP Defendants do not dispute and cannot dispute that the Court has original jurisdiction over them for the Section 1983 claims. The question only becomes whether Whitlock is entitled to have his common law state claims adjudicated in the same court, at the same time as his federal claims pursuant to this Court's supplemental jurisdiction.

As a general rule, this Court has the authority to hear state law claims. 28 U.S.C. §1367 reads, in part (emphasis added), as follows:

3

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts <u>shall have</u> supplemental jurisdiction over all other claims that are so related to claims in the actions within such original jurisdiction that they form part of the <u>same case or controversy</u> under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

It is clear that Whitlock's state law claims against the CISP Defendants are based upon the "same case or controversy" as his Section 1983 claim. The factual allegations underlying all of the counts are the same. The CISP Defendants have not asserted in their motion that the state claims alleged by Whitlock are not "so related" as to "form part of the same case or controversy" under Article III. The exception provided in subsection (b) is inapplicable as this is not a case of diversity jurisdiction, and subsection (c) likewise does not provide support for CISP Defendants' position.

Subsection (c) of 28 U.S.C. §1367 states that the district court <u>may</u> decline to exercise supplemental jurisdiction over a claim if certain exceptions apply.[1] The CISP Defendants have not raised the issue as to which exception they believe may apply. Perhaps the CISP Defendants' sovereign immunity argument meant to raise a "compelling reason" for the court to decline jurisdiction. However, as this Court has previously recognized, splitting up claims into "two different court systems, claims arising from one set of facts and circumstances" would be inefficient and would be a factor weighing against the court declining jurisdiction. *Nead v.*

---

[1] The exceptions under 28 U.S.C. §1367 (c) are:
  (1) the claim raises a novel or complex issue of State law,
  (2) the claim substantially predominates over the claim or claims over which the court has original jurisdiction,
  (3) the district court has dismissed all claims over which it has original jurisdiction, or
  (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Board of Trustees of E. Ill. Univ.*, No. 05-2137, 2006 WL 15824 at *5-6 (C.D.Ill. June 6, 2006)(Baker, J.).

    **III.**    **The Current Illinois State Police Defendants have consent to the Court's supplemental jurisdiction over the state law claims.**

Prior to filing this motion to dismiss, the CISP Defendants previously answered Whitlock's Complaint and <u>admitted</u> the Court's supplemental jurisdiction over these state law claims. On June 9, 2008, over two weeks before this Motion was filed, the CISP Defendants clearly and unequivocally admitted that the jurisdiction of the Court was invoked over the state law claims under 28 U.S.C. §1367(a). The specific allegation from Whitlock's Complaint and the CISP Defendants' Answer [Document No. 45] is as follows:

    1.    Jurisdiction of this matter is invoked upon this Court by virtue of 42 U.S.C. § 1983 et. Seq.; 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States, Articles Four, Five, Six and Fourteen; and supplemental jurisdiction, as codified in 28 U.S.C. § 1367(a).

    **ANSWER:**    Admit.

Sovereign immunity can be waived in the context of a pleading as a judicial admission. *Higgins v. Mississippi*, 217 F.3d 951, 953 (7th Cir. 2000). Article XIII, section 4, of the Illinois Constitution of 1970 abolished sovereign immunity. Ill. Const. 1970, art. XIII, §4. The State Lawsuit Immunity Act, enacted in 1972, is purely procedural in nature and does not purport to alter substantive rights. Sovereign immunity is unlike other jurisdictional limitations in that it can be waived by consent. *Benning v. Board of Regents of Regency Universities*, 928 F.2d 775, 777 n.2 (7th Cir. 1991). Here, the CISP Defendants have already filed their answer in which they clearly and unequivocally acquiesced to the Court's exercise of supplemental jurisdiction over the state law claims. While the CISP Defendants may have mentioned the phrase "sovereign immunity" in their affirmative defenses as to the *liability* sought by Whitlock, they specifically

5

do not assert that the Court of Claims is exclusive jurisdiction in which these claims can be raised. They did not assert any objection to the Court's supplemental jurisdiction.

    **IV.    The Illinois Court of Claims does not have exclusive jurisdiction over the state law claims against the Current Illinois State Police Defendants.**

The Illinois Court of Claims' jurisdiction is not limitless. All of the CISP Defendants have been sued in their individual capacities. Complaint, ¶10. While Whitlock agrees with the CISP Defendants that merely naming a party in his or her individual capacity is not enough to prove the action is not in reality an action against the State, the allegations show this to be a case where the state actors potentially exceed the scope of their authority. The Court of Claims' jurisdiction is not exclusive when there are allegations that a state employee "acted in violation of statutory or constitutional law, or in <u>excess of his authority</u>." *Patterson v. Burge, et al.,* 328 F. Supp.2d 878, 887 (N.D.Ill. 2004) *citing Healy v. Vaupel*, 549 N.E.2d. 1240, 1247 (Ill. 1990); *see also Cannon v. Burge*, No. 05 C 2192, 2006 WL 273544 at *17 (N.D.Ill. Feb. 2, 2006); *Orange v. Burge, et al.,* No. 04 C 0168, 2005 WL 742641 at *18 (N.D.Ill. March 30, 2005) (emphasis added).

All of the state law claims being challenged by the CISP Defendants are intentional torts allegedly committed by the CISP Defendants in concert with other defendants while Whitlock's post-conviction hearings and clemency hearings were pending, with the specific intent of keeping him wrongfully incarcerated. Whitlock has alleged that the CISP Defendants have conspired to cover up favorable and exculpatory evidence, harassed witnesses with the intent of eliciting false testimony, stymied investigations in order to keep further exculpatory evidence from being developed and have otherwise acted in concert to deprive Whitlock of his due process rights and keep him in incarcerated.

The CISP Defendants' assertion that "the conduct Whitlock complains caused him harm was simply part and parcel of the Current ISP Officials' job duties" is incredulous. Their job description does not include what the Seventh Circuit has described as conduct "so egregious that no reasonable person could have believed that it would not violate clearly established rights" *Steidl v. Fermon*, 494 F.3d 623, 632 (7th Cir. 2007). Whitlock and Steidl have alleged serious acts of wrongdoing by the CISP Defendants and for them to now claim that this was "just part of their job" is an empty argument.

The allegations of the Complaint, when proven, would show that the CISP Defendants acted outside the scope of their authority. At the pleading stage, all that is necessary are allegations which, if proven, would show that the CISP Defendants acted outside the scope of their authority. *Patterson v. Burge et al.*, 328 F. Supp.2d 878, 887 (N.D.Ill. 2004). Alternatively, whether or not the CISP Defendants acted within or outside the scope of their authority or whether their duties arise solely out of their employment cannot be resolved at this stage. *See e.g. Combs-Hartshorn v. Budz*, No. 05 C 2872, 2007 WL 844582 at *6 (N.D.Ill. March 14, 2007)(denying claim of sovereign immunity at motion to dismiss stage because of issues of fact). But the allegations are present and, if proven, will entitle Whitlock to relief from the CISP Defendants.

What distinguishes this case from the typical tort claim are the allegations of intentional and malicious conduct, not just mere negligence. Sovereign immunity affords no protection when the state employee acted in willful violation of statutory or constitutional law or in excess of his authority.

The CISP Defendants cite *Richman v. Sheahan,* 270 F.3d 430 (7th Cir. 2002) and *Hampton v. City of Chicago*, 349 F.Supp. 2d 1075 (N.D. Ill. 2004) as authority for their motion. Both cases are distinguishable.

In *Hampton*, the court observed that there were no allegations that the State's Attorney knew of the improper conduct: 1) that the police line-ups were improper; 2) that there were suggestions to witnesses that plaintiff was the offender and 3) exculpatory evidence was destroyed or 4) that the plaintiff was physically abused. 349 F.Supp. 2d 1075.

In *Richman*, the Seventh Circuit concluded that "Illinois would consider the wrongful death and survival claims against the deputies to be against the state …. [] because the wrongful death and survival claims are not dependent on the alleged constitutional violation, but instead on a theory of willful and wanton negligence, so the exception to immunity for unconstitutional conduct does not apply." *Id.* at 442.

Whether these claims are truly against the State and only nominally against the CISP Defendants is a fact-based inquiry that cannot be decided at this stage on a motion to dismiss. Although Whitlock has alleged that the CISP Defendants took these actions within the course and scope of their *employment* (Complaint, ¶ 11), that is not dispositive as to whether they acted <u>beyond the scope of their authority</u>. *Stone v. Pepmeyer, et al.*, No. 07-1198, 2008 WL 879553 at * 5 (C.D. Ill. March 28, 2008)(Mihm, J.). Based upon the allegations of the Complaint, Whitlock believes it would be impossible for this Court to rule that he could prove no set of facts which would entitle him to his relief from the CISP Defendants in their individual capacities on the supplemental counts.

## Conclusion

For the foregoing reasons, Plaintiff Herbert Whitlock prays that the CISP Defendants'

Motion to Dismiss Counts V, VI, VII and VIII of the Complaint be denied, or in the alternative, that Plaintiff be given leave to amend his complaint to correct any jurisdictional deficiencies.

                                    HERBERT WHITLOCK

By:   /s/ Ronald H. Balson
       One of his attorneys

Ronald H. Balson (ARDC #00105074)
rhbalson@michaelbest.com
Carrie A. Hall (ARDC #6269884)
cahall@michaelbest.com
Michael Best & Friedrich LLP
Two Prudential Plaza
180 North Stetson Avenue, Suite 2000
Chicago, IL 60601
(312) 222-0800
Fax: (312) 222-0818

- and -

Richard S. Kling  rkling@kentlaw.edu
Susana Ortiz  sortiz@kentlaw.edu
Law Offices of Richard Kling
565 West Adams Street, 6th Floor
Chicago, IL 60661-3691
(312) 906-5155
Fax: (312) 906-5299

9

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of the foregoing Plaintiff's Response to Current Illinois State Police Officials' Motion to Dismiss Counts V, VI, VII and VIII of the Complaint was served upon the following counsel via the Court's CM/ECF system on the 7th day of August 2008, before the hour of 8:00 p.m.:

Attorneys for City of Paris, Gene Ray, James Parrish and Jack Eckerty:
James G. Sotos          Elizabeth A. Ekl         Sara M. Cliffe
jsotos@jsotoslaw.com    eekl@jsotoslaw.com       scliffe@jsotoslaw.com

Attorneys for Michael McFatridge:
Terry A. Ekl            Vincent C. Mancini
tekl@eklwilliams.com    vmancini@eklwilliams.com

Attorneys for Edgar County:
Michael E. Raub         Brian M. Smith
mraub@hrva.com          bsmith@hrva.com

Attorneys for Steven M. Fermon, Diane Carper, Charles E. Brueggemann, Andre Parker, Kenneth Kaupas and Jeff Marlow:
Iain D. Johnston               Heidi Steiner
ijohnston@johnstongreene.com   hsteiner@johnstongreene.com

A copy of the foregoing Plaintiff's Response to Current Illinois State Police Officials' Motion to Dismiss for Judgment on the Pleadings for Counts II and III of the Complaint was served upon the following defendant via U.S. First-Class Mail on the 7th day of August 2008, by deposit at Two Prudential Plaza, 180 North Stetson Avenue, Chicago, IL 60601:

Deborah Rienbolt
2116 East Keys Avenue
Springfield, IL 62702

/s/ Ronald H. Balson